## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| KA'TORIA GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | 2:17-cv-00595-WKW-DAB |
| KOCH FOODS, INC.; KOCH FOODS OF | ) | |
| ALABAMA, LLC; DAVID BIRCHFIELD; | ) | |
| and MELISSA MCDICKINSON, | ) | **PLAINTIFF DEMANDS A** |
| | ) | **TRIAL BY STRUCK JURY.** |
| Defendants. | ) | |

## THIRD AMENDED COMPLAINT

### JURISDICTION AND VENUE

1.  This is a suit to obtain relief for retaliation under 42 U.S.C. §1981 and Title

    VII of the Civil Rights Act of 1964, as amended.  The Plaintiff seeks to

    recover for unlawful gender discrimination and sexual harassment by

    bringing claims under Title VII and under Alabama tort law.

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,

    1343(4) and 28 U.S.C. §§ 2201 and 2202.

3.  Venue is proper in that the alleged acts occurred in Montgomery County,

Alabama.

PARTIES

4.    Plaintiff Ka'Toria Gray is an African-American, female resident of Montgomery County, Alabama who is over the age of 19.

5.    Defendant Koch Foods of Alabama LLC, ("Koch-Ala") is a corporation that owns and operates facilities at which it processes and packages chicken products ("Montgomery processing facilities") for sale and ultimately for consumption by the public, and does such business in Montgomery, Alabama.

6.    The Koch-Ala complex consists of multiple units, including a Debone Plant, Kill Plant, Hatchery, and Shipping Facility.

7.    Defendant Koch Foods, Inc. is a corporation that owns and operates facilities at which it processes and packages chicken products at various locations around the country for sale and ultimately for consumption by the public and that also allows or licenses the use of the name of "Koch Foods" by similar businesses throughout the country, including Defendant Koch-Ala.

8.    The website http://kochfoods.com/ states that "Koch Foods is proud to be one of the largest poultry processors in the United States.

9.    During the time Plaintiff worked at Defendant Koch-Ala's Montgomery facility, Defendant David Birchfield was the complex human resources manager at Koch-Ala's Montgomery facilities.

10.    Defendant Birchfield maintained an office at Koch-Ala's Kill Plant.

11.    During the time Plaintiff worked at Defendant Koch-Ala's Montgomery facility, Defendant Melissa McDickinson was the human resources manager for the Debone Plant owned and operated by Koch Foods and Koch-Ala.

12.    The Debone Plant at Koch-Ala is across the street from the Kill Plant.

13.    Defendant McDickinson worked under the direct supervision of Defendant Birchfield.

14.    Defendant Birchfield worked under the direct supervision of Bobby Elrod.

15.    Bobby Elrod is employed by Koch Foods.

16.    Bobby Elrod is the Director of Human Resources for Koch Foods.

17.    Bobby Elrod reports to Joseph Grendys, CEO of Koch Foods.

<u>ADMINISTRATIVE REMEDIES</u>

18.    On April 18, 2016, Ms. Gray filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that during the time she worked for Defendants she experienced unlawful discrimination based on her gender in violation of Title VII and experienced unlawful retaliation in violation of Title VII.   A copy may be found in the court record at Doc. 3.

19.    On February 27, 2017, the EEOC issued a Notice of Right to Sue to Ms. Gray. A may be found in the court record at Doc. 3.

3

20.    On November 7, 2016, Ms. Gray filed a second Charge of Discrimination with the EEOC.  She alleged she had experienced retaliation after filing her first Charge of Discrimination.  A copy may be found in the court record at Doc. 4.

21.    Ms. Gray received, her Notice of Right to Sue after June 7, 2017.  A copy may be found in the court record at Doc. 4.

## STATEMENT OF THE FACTS

22.    On or about January 24, 2011, Ms. Gray began working as a Licensed Practical Nurse at the Koch-Ala Montgomery location.

23.    Ms. Gray later became a Registered Nurse and worked in that capacity at the Koch-Ala Montgomery location.

24.    Ms. Gray's place of work was the Debone facility at Koch-Ala.

25.    Through most of 2015, Ms. Gray reported to Frank Shelly.

26.    Mr. Shelly worked for Koch Foods in Cumming, Georgia.

27.    Throughout her employment, Ms. Gray worked with Betty Stabler, safety supervisor.

28.    Ms. Stabler is white.

29.    Ms. Stabler treated Ms. Gray negatively because of Ms. Gray's race.

30.    Ms. Stabler made racist remarks.

31.    In October 2015, Koch-Ala and/or Koch Foods received a Charge of

Discrimination filed with the United States Equal Employment Opportunity Commission ("EEOC") alleging that Melissa McDickinson had pursued a sexual relationship with an employee.

32. Upon information and belief, Bobby Elrod received notice of the EEOC Charge alleging Melissa McDickinson had pursued a sexual relationship with an employee.

33. Upon information and belief, Joseph Grendys received notice of the EEOC Charge alleging Melissa McDickinson had pursued a sexual relationship with an employee.

34. In the fall of 2015, Ms. McDickinson expressed to Stevan Jackson, an employee and union representative, that she was sexually attracted to Ka'Toria Gray.

35. Ms. McDickinson told Mr. Jackson she wanted to have sex with Ms. Gray.

36. By November 1, 2015, Koch Foods and/or Koch-Ala had notice of the EEOC Charge alleging Melissa McDickinson had pursued a sexual relationship with an employee.

37. On or around November 14, 2015, while Ms. Gray was working, Ms. McDickinson and Mr. Birchfield invited Ka'Toria Gray to the house where they lived.

38. Ms. McDickinson communicated to Ms. Gray that Mr. Birchfield wanted to

talk to her about some things regarding work.

39.    Ms. Gray responded that it was late and she would see them at work on Monday.

40.    Ms. McDickinson insisted Ms. Gray come to their home.

41.    When Ms. Gray arrived, Mr. Birchfield asked her if he could trust her.

42.    Mr. Birchfield then discussed his intentions with respect to the employment future of another employee.

43.    Ms. Gray took a seat.

44.    Ms. McDickinson sat next to Ms. Gray and rubbed Ms. Gray on the leg and tried to kiss her.

45.    Ms. McDickinson told Ms. Gray she thought she was hot.

46.    Ms. McDickinson told Ms. Gray she wanted to kiss her.

47.    Mr. Birchfield looked at Ms. Gray and again asked if he could trust her.

48.    Ms. McDickinson grabbed Ms. Gray's hand and touched Ms. McDickinson's breast with it.

49.    Ms. McDickinson asked Ms. Gray if her breast felt real.

50.    Ms. Gray removed her hand.

51.    Ms. McDickinson asked Ms. Gray to dance with her.

52.    Ms. McDickinson pulled Ms. Gray to her feet.

53.    Ms. Gray declined to dance.

54.     While Ms. McDickinson stood in front of Ms. Gray, Mr. Birchfield approached her and stood behind her.

55.     Mr. Birchfield kissed Ms. Gray's neck.

56.     Ms. McDickinson kissed Ms. Gray.

57.     Ms. McDickinson's and Mr. Birchfield's conduct upset Ms. Gray.

58.     Ms. Gray stepped away.

59.     Ms. McDickinson and Mr. Birchfield propositioned Ms. Gray to have sex with them.

60.     Ms. Gray declined.

61.     Ms. Gray told them she was not interested in a sexual relationship with them.

62.     Ms. McDickinson said she thought Ms. Gray was bisexual.

63.     Ms. Gray responded she was not.

64.     Ms. McDickinson said that Mr. Birchfield could watch her have sex with Ms. Gray.

65.     Ms. Gray declined.

66.     Ms. McDickinson pulled Mr. Birchfield's penis out of his pants.

67.     Ms. McDickinson performed oral sex on Mr. Birchfield in front of Ms. Gray.

68.     Ms. McDickinson's and Mr. Birchfield's actions upset Ms. Gray.

69.     Ms. Gray fled to the restroom.

70.     Ms. Gray had heard rumors that Ms. McDickinson had pursued other

employees sexually.

71.   Ms. Gray knew Ms. McDickinson had an ongoing sexual relationship with Mr. Birchfield.

72.   There was no higher ranking human resources employee at Koch-Ala than Mr. Birchfield.

73.   Ms. Gray left the restroom and went to her car.

74.   Ms. McDickinson followed Ms. Gray to her car and asked her to spend the night.

75.   Mr. Birchfield was standing at the door to the house in his underwear and t-shirt.

76.   Mr. Birchfield asked Ms. Gray to spend the night.

77.   Ms. Gray declined.

78.   Ms. Gray got in her car and returned home.

79.   The following Monday at work, Ms. Gray shared with several coworkers and a supervisor what had happened.

80.   Ms. Gray told them she did not want to be in her office in the basement alone.

81.   Because Ms. McDickinson and Mr. Birchfield were the highest ranking human resources employees at the plant, Ms. Gray did not feel she could complain to them about the conduct she experienced.

82.   Ms. Gray did not feel she could complain to Bobby Elrod because she believed

he was already aware of their conduct based on comments which had been made during a training session conducted by an attorney she believes to be Rachel Barlotta.

83. During the training session, an employee asked Mr. Elrod and the attorney believed to be Ms. Barlotta about problems in human resources stemming from sexual relationships involving human resources management.

84. Ms. McDickinson continued to pursue Ms. Gray over the next few months.

85. Ms. Gray attempted to maintain a professional and amicable level of interaction with Ms. McDickinson because Ms. Gray feared losing her job.

86. Ms. Gray, however, did not reciprocate Ms. Dickinson's advances.

87. Ms. McDickinson called Ms. Gray into her office.

88. When Ms. Gray arrived to Ms. McDickinson's office, Ms. McDickinson's shirt was unbuttoned revealing her chest to the point that it made Ms. Gray uncomfortable.

89. Ms. McDickinson texted Ms. Gray to see what she was doing after work.

90. Ms. McDickinson texted Ms. Gray to come to her house.

91. Ms. McDickinson had at least one other employee ask Ms. Gray to come to the house where Ms. McDickinson was living with Mr. Birchfield.

92. On or about March 14, 2016, Ms. Gray complained to Ms. McDickinson and said she felt she was experiencing discrimination and harassment from white

safety employees.

93.   On or about March 21, 2016, McDickinson and Mr. Birchfield took Ms. Gray to lunch at La Zona Rosa to discuss Ms. Gray's complaint about the white safety employees.

94.   Ms. McDickinson and Mr. Birchfield told Ms. Gray that she would no longer directly report to Safety Manger Frank Shelly.

95.   Mr. Birchfield told Ms. Gray she would report directly to Ms. McDickinson and him.

96.   Ms. Gray was concerned the chain in supervision was an effort to force her into a sexual relationship with Ms. McDickinson and Mr. Birchfield.

97.   In March 2016, Ms. Gray heard that Irish Jenkins, a male employee, had been terminated by Mr. Birchfield because he would not allow Mr. Birchfield watch Mr. Jenkins have sex with Ms. McDickinson.

98.   Mr. Jenkins shared with Ms. Gray that Ms. McDickinson and Mr. Birchfield had asked him to approach Ms. Gray about having group sex with them.

99.   Following his termination, Mr. Jenkins complained to Bobby Elrod about Ms. McDickinson and Mr. Birchfield pressuring employees into sexual relationships.

100.  Mr. Jenkins allowed Mr. Elrod to hear a recording he had made of Mr. Birchfield.

101.  Mr. Elrod told Mr. Jenkins he had heard complaints like his before.

102.  Ms. McDickinson and Mr. Birchfield began to scrutinize Ms. Gray to find a way to discipline her.

103.  Ms. McDickinson and Mr. Birchfield were looking for a way to discipline Ms. Gray for refusing their previous sexual advances and/or for her complaints of race discrimination.

104.  On April 14, 2016, Ms. McDickinson issued a disciplinary action to Ms. Gray for alleged attendance issues but refused to give Ms. Gray a copy of the disciplinary action.

105.  Ms. Gray requested a three (3) day leave of absence.

106.  On or about April 16, 2016, Ms. McDickinson attempted to contact Ms. Gray.

107.  On April 18, 2016, Ms. Gray filed a Charge of Discrimination with the EEOC.

108.  On April 19, 2016, Stevan Jackson, a union steward, approached Ms. Gray and said Ms. McDickinson and Mr. Birchfield wanted to know if she wanted to go to Florida with them.

109.  Ms. Gray responded by saying, "No."

110.  That evening, Ms. Gray requested an administration handbook from human resources since she had not received one.

111.  Laura Cortez in human resources told Ms. Gray she did not have one, but she would get Ms. Dickinson to write her up something.

112.  On April 19, 2016, the EEOC sent a Notice of Charge of Discrimination to Koch foods, Inc. of Ms. Gray's Charge of Discrimination.

113.  The Notice of Charge of Discrimination included a request for a position statement due within thirty (30) days.

114.  On April 21, 2016 after 8:00 pm, Mr. Birchfield sent Ms. Gray a message from his iPhone to her work email regarding the location of a new time clock.

115.  Ms. Gray was not given 24-hours' notice.

116.  Because the email was sent at a late hour, Ms. Gray did not see the email until April 22, 2016.

117.  Ms. Gray felt Mr. Birchfield sent the message at a late hour so that she would be late clocking in.

118.  When Ms. Gray attempted to clock in on April 22, 2016, she was unable to do so.

119.  Ms. Gray had been locked out of the office.

120.  She asked Mr. Birchfield why she couldn't clock in.

121.  Mr. Birchfield responded it was because she was no longer supposed to clock in there and she should have checked her email.

122.  Ms. Gray had to run to the location of the new time clock to clock in at a time to avoid being tardy.

123.  Ms. Gray resigned her employment with Koch Foods and Koch-Ala.

124. Ms. Gray resigned because she was uncomfortable reporting to Ms. McDickinson and Mr. Birchfield due to their ongoing sexual pursuit of her.

125. Ms. Gray felt complaining to Bobby Elrod would be ineffective because she had heard other employees had complained to him about Ms. McDickinson and Mr. Birchfield pursuing employees sexually, and he had not done anything to stop their behavior.

126. After Ms. Gray filed her Charge of Discrimination, Koch Foods and/or Koch – Ala filed at least two complaints against Ms. Gray's nursing license with the Alabama Board of Nursing ("ABN").

127. Upon information and belief, David Birchfield and/or Melissa McDickinson were responsible for the filing of at least one of the complaints with the ABN against Ms. Gray.

128. The complaints to the Board of Nursing were based on false allegations.

129. The complaints were intended to retaliate against and discredit Ms. Gray.

130. After Ms. Gray filed her Charge of Discrimination, it is believed Ms. Dickinson and Mr. Birchfield continued to pursue employees at Koch-Ala for sexual encounters.

<u>COUNT I</u>
<u>INVASION OF PRIVACY</u>

131. Plaintiff adopts and incorporates the facts set out above in support of this count.

132. Defendants Birchfield, McDickinson, Koch Foods and Koch-Ala invaded Mr. Gray's privacy by subjecting her to offensive and unwanted sexual overtures and making inquiries into her sex life.

133. Defendants' conduct offended and embarrassed Ms. Gray.

134. Defendants' McDickinson's and Birchfield's actions toward Ms. Gray were taken while they were acting in their roles as human resources professionals and supervisors.

135. Defendants Koch Foods and Koch-Ala ratified and permitted Defendant McDickinson's conduct.

136. Defendants Koch Foods and Koch-Ala ratified and permitted Defendant Birchfield's conduct.

137. Defendants Koch Foods and Koch-Ala are liable for the conduct of Defendants McDickinson and Birchfield.

138. Defendants injured Ms. Gray.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Ka'Toria Gray respectfully requests the entry of a judgment against Defendants McDickinson, Birchfield, Koch Foods and Koch-Ala pursuant to an order awarding:

a.   Compensatory damages to be determined by the trier of fact;

b.   Punitive damages to be determined by the trier of fact;

c.   Injunctive relief;

14

d.      That relief which is fair, just and equitable under the circumstances of the case; and

e.      The costs of this suit.

<u>COUNT II</u>
<u>ASSAULT AND BATTERY</u>

139.   Plaintiff adopts and incorporates the facts set out above in support of this count.

140.   Defendants Birchfield, McDickinson, Koch Foods and Koch-Ala subjected Ms. Gray to the threat of offensive and unwanted touching.

141.   Defendants Birchfield, McDickinson, Koch Foods and Koch-Ala subjected Ms. Gray to offensive and unwanted touching.

142.   Defendants' conduct offended and embarrassed Ms. Gray.

143.   Defendants' McDickinson's and Birchfield's actions toward Ms. Gray were taken while they were acting in their roles as human resources professionals and supervisors.

144.   Defendants Koch Foods and Koch-Ala ratified and permitted Defendant McDickinson's conduct.

145.   Defendants Koch Foods and Koch-Ala ratified and permitted Defendant Birchfield's conduct.

146.   Defendants Koch Foods and Koch-Ala are liable for the conduct of Defendants McDickinson and Birchfield.

147.   Defendants injured Ms. Gray.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Ka'Toria Gray respectfully requests the entry of a judgment against Defendants McDickinson, Birchfield, Koch Foods and Koch-Ala pursuant to an order awarding:

a.   Compensatory damages to be determined by the trier of fact;

b.   Punitive damages to be determined by the trier of fact;

c.   Injunctive relief;

d.   That relief which is fair, just and equitable under the circumstances of the case; and

e.   The costs of this suit.

<u>COUNT III</u>
<u>OUTRAGE</u>

148.   Plaintiff adopts and incorporates the facts set out above in support of this count.

149.   Defendants Birchfield, McDickinson, Koch-Ala and Koch Foods acted intentionally to inflict emotional distress on Ms. Gray.

150.   Defendants Birchfield's and McDickinson's actions toward Ms. Gray were taken while they were acting in their role as human resources professionals.

151.   Defendants Koch Foods and Koch-Ala ratified and permitted Defendants Birchfield's and McDickinson's conduct.

152.   Defendants Koch-Ala and Koch Foods are liable for the conduct of

16

Defendants Birchfield and McDickinson.

153.   Defendants injured Ms. Gray.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ka'Toria Gray requests the entry of a judgment against Defendants Birchfield, McDickinson, Koch-Ala and Koch Foods pursuant to an order awarding:

a.   Compensatory damages to be determined by the trier of fact;

b.   Punitive damages to be determined by the trier of fact;

c.   Injunctive relief;

d.   That relief which is fair, just and equitable under the circumstances of the case; and

e.   The costs of this suit

## COUNT IV
## NEGLIGENT/WANTON SUPERVISION, TRAINING, AND RETENTION

154.   Plaintiff adopts and realleges the paragraphs above as if fully set forth in full herein.

155.   Defendant Koch-Ala had a duty to provide a reasonably safe, non-hostile and non-discriminatory work environment to its employees, including Plaintiff.

156.   Defendant Koch Foods had a duty to provide a reasonably safe, non-hostile and non-discriminatory work environment to its employees, including Plaintiff.

157.   Defendant Koch Foods knew, or should have known, of the conduct of

Defendant Birchfield.

158.   Defendant Koch Foods knew, or should have known, of the conduct of Defendant McDickinson.

159.   Defendant Koch-Ala knew, or should have known, of the conduct of Defendant Birchfield.

160.   Defendant Koch-Ala knew, or should have known, of the conduct of Defendant McDickinson.

161.   Defendants Koch Foods negligently supervised, trained and/or retained Defendants Birchfield and McDickinson.

162.   Defendants Koch Foods-Ala negligently supervised, trained and/or retained Defendants Birchfield and McDickinson.

163.   Defendants Koch Foods and Koch-Ala maliciously, deliberately, wantonly and/or negligently retained employees who engaged in tortious and/or illegal conduct, including, but not limited to, Defendants Birchfield and McDickinson.

164.   Defendants Koch Foods and Koch-Ala failed to protect employees, such as Plaintiff, from the tortious treatment described in this Complaint.

165.   As a result of the inaction by Defendants Koch Foods and Koch-Ala, Plaintiff was injured.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully

requests the entry of a judgment against Defendants Koch Foods and Koch-Ala pursuant to an order awarding:

a.    Compensatory damages to be determined by the trier of fact;

b.    Punitive damages to be determined by the trier of fact;

c.    Injunctive relief;

d.    That relief which is fair, just and equitable under the circumstances of the case; and

e.    The costs of this suit

<u>COUNT V</u>
<u>42 U.S.C. §1981 and TITLE VII</u>
<u>RETALIATION FOR COMPLAINTS RACE DISCRIMINATION</u>

166.   This is a claim against Defendants Koch Foods and Koch-Ala arising under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, for taking adverse actions against Plaintiff for making complaints of race discrimination.

167.   Plaintiff adopts and incorporates by reference the factual allegations set forth above.

168.   Plaintiff complained to Defendants of actions she believed in good faith to be racially discriminatory.

169.   Within days of complaining of discrimination to David Birchfield and Melissa McDickinson, Ka'Toria Gray received a disciplinary action initiated and

authorized by David Birchfield and/or Melissa McDickinson.

170.   The disciplinary action would dissuade a reasonable person from engaging in protected activity.

171.   Defendants Koch Foods and Koch-Ala retaliated against Plaintiff for complaining of race discrimination.

172.   Defendants Koch Foods and Koch-Ala have retaliated against other current and former employees for complaining of unlawful conduct, including race discrimination.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests entry of judgment under 42 U.S.C. §1981 and/or Title VII of the Civil Rights Act of 1964, as amended, against Defendants Koch Foods and Koch-Ala pursuant to an Order awarding:

a.   backpay and pre-judgment interest;

b.   compensatory damages to be determined by the trier of fact;

c.   punitive damages to be determined by the trier of fact;

d.   nominal damages to be determined by the trier of fact;

e.   injunctive relief, including backpay and pre-judgment interest;

f.   that relief which is fair, just, and equitable under the circumstances of this case;

g.   reasonable attorney's fees; and

h.    the costs of this suit

COUNT VI
SEXUAL HARASSMENT
Title VII of the Civil Rights Act of 1964

173.  Plaintiff adopts and incorporates the facts set out above in support of this count.

174.  Defendants Koch Foods and Koch-Ala empowered Birchfield and McDickinson with supervisory authority over Gray.

175.  Birchfield and McDickinson subjected Gray to offensive and unwanted conduct based on her gender, female.

176.  The conduct to which Birchfield and McDickinson subjected Gray was severe.

177.  The conduct to which Birchfield and McDickinson subjected Gray was pervasive.

178.  The conduct to which Birchfield and McDickinson subjected Gray affected and altered Gray's work environment.

179.  McDickinson and Birchfield subjected Gray to adverse treatment such as heightened scrutiny and unwarranted discipline when she did not engage in a physical/sexual relationship with them.

180.  McDickinson and Birchfield created a work environment through their pursuit of Gray that constructively terminated her employment when she did not

21

engage in a physical/sexual relationship with them.

181.  Defendants Koch Foods and Koch-Ala injured Gray by subjecting her to sexually harassing conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of an order against Defendants Koch Foods and Koch-Ala awarding:

a.  Backpay;

b.  Compensatory damages;

c.  Punitive damages;

d.  Injunctive relief including backpay, reinstatement and/or reasonable front pay;

e.  that relief which is fair, just and equitable;

f.  costs, including a reasonable attorney's fee

<u>COUNT VII</u>
<u>RETALIATION</u>
<u>Title VII of the Civil Rights Act of 1964</u>

182.  Plaintiff Ka'Toria Gray adopts and incorporates the facts set out above in support of this count.

183.  Gray engaged in activity protected by Title VII of the Civil Rights Act of 1964, as amended, by opposing and complaining about conduct made unlawful under Title VII.

184.  After Gray engaged in protected activity, Koch Foods and Koch-Ala subjected

her to adverse treatment.

185.    Koch Foods and Koch-Ala subjected Gray to adverse treatment because she engaged in protected activity.

186.    Gray filed a Charge of Discrimination with the Equal Employment Opportunity Commission on April 18, 2016.

187.    Ms. Gray's filing of a Charge of Discrimination and participating in the EEOC process is protected activity under Title VII.

188.    After Ms. Gray filed a Charge of Discrimination with the EEOC, Koch Foods and Koch-Ala retaliated against her by initiating one or more complaints against Ms. Gray's nursing license with the Alabama Board of Nursing.

189.    The complaints filed by Koch Foods and Koch-Ala were based on false allegations.

190.    The complaints filed by Koch Foods and Koch-Ala were retaliatory acts intended to punish Ms. Gray for protected activity and discourage further protected activity by Ms. Gray and others.

191.    Koch Foods's and Koch-Ala's retaliatory conduct injured Ms. Gray.

192.    Defendants Koch Foods and Koch-Ala have a pattern and practice of retaliating against other current and former employees for engaging in activity protected by Title VII including opposing conduct made unlawful by Title VII and participating in the EEOC process.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry

of an order against Defendants Koch Foods and Koch-Ala awarding:

a.      Backpay;

b.      Compensatory damages;

c.      Punitive damages;

d.      Injunctive relief including backpay, reinstatement and/or reasonable

front pay;

e.      that relief which is fair, just and equitable;

f.      costs, including a reasonable attorney's fee

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

s/Heather Newsom Leonard
Heather Newsom Leonard
Attorney Code - ASB-1152-061H
ONE OF THE ATTORNEYS
 FOR PLAINTIFF

Cynthia Forman Wilkinson
Wilkinson Law Firm PC
215 N. Richard Arrington Jr. Blvd., Suite 200
Birmingham, AL 35203
205-250-7866
Fax: 205-250-7869
Email: wilkinsonefile@wilkinsonfirm.net

Heather Newsom Leonard
Heather Leonard, PC
2105 Devereux Circle; Suite 111

Birmingham, AL 35243
205-977-5421
Fax: 205-278-1400
Email: heather@heatherleonardpc.com

Sonya C. Edwards
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
205-879-0377
Fax: 205-879-3572
Email: scedwards@haynes-haynes.com

Alicia Kay Haynes
Haynes & Haynes, PC
1600 Woodmere Drive
Birmingham, AL 35226
205-879-0377
Fax: 205-879-3572
Email: akhaynes@haynes-haynes.com

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been served on the following counsel of record on September 10, 2017, via the Court's electronic filing system on

Rachel V. Barlotta
Sharonda C. Fancher
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, AL 35203

Marion F. Walker
Corey Goerdt
FISHER PHILLIPS LLP
2323 2nd Avenue North
Birmingham, AL 35203

/s/ Heather Newsom Leonard
OF COUNSEL