IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KA'TORIA GRAY, | ) | |
| | ) | |
|     Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.:  2:17-cv-00595-ECM-WC |
| v. | ) | |
| | ) | |
| KOCH FOODS, INC.; | ) | |
| KOCH FOODS OF ALABAMA, LLC; | ) | |
| DAVID BIRCHFIELD; and | ) | |
| MELISSA MCDICKINSON, | ) | |
| | ) | |
|     Defendants. | ) | |

---

## PROTECTIVE ORDER

---

Upon consideration of the parties' Joint Motion to Enter Protective Order (Doc. 97), it is ORDERED that the motion is GRANTED as set out in this Protective Order.  It is further

ORDERED that, considering the granting of the parties' Joint Motion herein, Defendants' previously filed Motion for Entry of Defendants' Proposed Protective Order (Doc. 86) is DENIED as moot.

This Protective Order concerns Defendants' efforts to obtain information and data from cellphones belonging to non-party Steven Jackson.  One of Mr. Jackson's phones, the iPhone, is in the possession of the Defendants' expert while the other, the Tracphone, is in the possession of Susteen, Inc. The Court heard argument about these matters at a hearing on September 21, 2018, and again on November 15, 2018, and hereby orders as follows:

1.      Plaintiff has provided to counsel for all Defendants a Cellebrite image of the Jackson iPhone for forensic examination and confirmation the image is useable by Defendants' experts. If the image is useable in the form provided, Defendants' experts shall proceed to use the image as directed in paragraph 2 herein.

2.      Once the imaging has been performed, each of Defendants' experts is directed to conduct a search of the respective images and isolate any and all files or folders that are returned in a search of "medical," "medical record or medical records," "diagnosis," "doctor," "medical procedure," "cancer," or "health" and isolate those files from further review or search by Defendants, respectively.  Thereafter, the images may be set up on searchable databases  for use by defense counsel subject to the following:

        a.      Defendants shall only search and analyze files to the extent they may reasonably provide evidence that is relevant and/or material to a claim or defense in the case, or to the credibility of any witness, or potential witness ("searchable files"); and,

        b.      Defendant shall not print or copy any file that does not fall within the above description of searchable files or folders; and,

        c.      Any and all photographs, which are not known to be searchable by terms or words, will not be printed, copied, emailed or otherwise shared, by any person conducting a search, with any other person, to the extent that they are only photographs of Mr. Jackson's sister, grandmother or grandchildren, and not related to the case, or are of other third parties who have no connection to the case, except as the photographs may relate to the credibility of  Mr. Jackson's testimony in deposition or trial.

3.      Some files and/or folders from Mr. Jackson's cell phones have been produced by Plaintiff, and others may be produced, which clearly are sensitive as they are photographs which

reflect a person or persons not fully clothed.  Any such photographs heretofore filed, or served in this case must be prominently marked "CONFIDENTIAL."  By this Order, those previously produced or served photographs shall be deemed and are "CONFIDENTIAL" throughout this litigation and required to be safely and securely stored and handled by every attorney and staff and disseminated to any other person, except as the person may appear to be pictured in the photograph.

4.      To the extent any party produces any files or folders from a search of Mr. Jackson's cell phones, the files will bear an identifying mark reflecting they were obtained from Mr. Jackson's cell phone(s) and be marked in a noticeable and prominent manner "CONFIDENTIAL."

5.      Any and all "CONFIDENTIAL" documents generated from Mr. Jackson's cell phones shall only be exchanged among the parties by U.S. mail, through a secure FTP, or other secure files transfer program, such as Dropbox, but not by email, text or other mobile application. All such documents and files shall not be shared, provided, or shown to persons who are not a party or witness to this case, and then, only to the extent necessary to prepare, depose or examine such person in connection with the "CONDFIDENTIAL" documents.  For use at deposition, any "CONFIDENTIAL" documents marked as an Exhibit shall be maintained by the attorney offering the exhibit in a secure manner designed to protect the confidentiality of the document, photograph or file, and a copy of same provided only to counsel for the parties as instructed above.

6.      To the extent Mr. Jackson claims any particular file, or folder on his cell phones should not be viewed, printed and/or produced, because it is not pertinent to this case and is only personal to him and violates his privacy in some demonstrable way, if used in this case by either party, then his attorney shall send a letter identifying the document, file or folder that he

considers violative of his privacy, stating specific grounds to support the claim, why it has not been waived,  and ask the party to withdraw and destroy, or return all copies to him.  If the request is disputed, not heeded, or answered, Mr. Jackson's attorney may, for good cause shown, request the Court intervene and make a ruling upon the documents, files or folders, after briefing by all parties.

DONE this 21st day of November, 2018.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE