**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ROBERT HARVEY FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 2:17-cv-00096-ECM-SMD |
| KOCH FOODS, INC.; KOCH FOODS OF | ) | |
| ALABAMA, LLC; MELISSA | ) | |
| MCDICKINSON, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| KA'TORIA GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | 2:17-cv-00595-ECM-SMD |
| KOCH FOODS, INC.; KOCH FOODS OF | ) | |
| ALABAMA, LLC; MELISSA | ) | |
| MCDICKINSON, and DAVID | ) | |
| BIRCHFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| IRISH JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |

1

vs.                                                  )
                                                     )         2:17-cv-000367-ECM-SMD
KOCH FOODS, INC.; KOCH FOODS OF   )
ALABAMA, LLC; MELISSA                    )
MCDICKINSON, and DAVID                  )
BIRCHFIELD,                                    )
                                                     )
          Defendants.                          )

---

## PLAINTIFFS' RESPONSE TO MELISSA MCDICKINSON AND DAVID BIRCHFIELD'S JOINT MOTION FOR PROTECTIVE ORDER

---

COME NOW Plaintiffs Robert Harvey Fuller, Ka'Toria Gray, and Irish Jenkins and respond to the motion for protective order[1] (Doc. 113) filed by Defendants.

The motion should be denied for the following reasons:

1.     Plaintiffs Fuller, Gray and Jenkins are former employees of Defendants Koch Foods, Inc. and Koch Foods of Alabama, LLC (collectively referred to as "Koch Foods"). Plaintiffs argue they were subjected to tortious conduct (invasion of privacy, assault and battery, and outrage) from Human Resources employees David Birchfield[2] and Melissa McDickinson. McDickinson and Birchfield have pursued a factually detailed counter-claim against Gray (Docs. 47-48) alleging she

---

[1]     While the motion filed by Birchfield and McDickinson bears a case styles for all three actions, it was only filed in the *Gray* case.

[2]     Fuller has not pursued claims against Birchfield.

2

invaded their privacy and made defamatory statements by informing union steward Steven Jackson and human resources employee Sherry Gonzales she had been sexually harassed. Plaintiffs have also pursued employment discrimination claims and torts against Koch Foods alleging sexual harassment, gender discrimination, race discrimination, and retaliation.

2.     With respect to the status of the three cases:

    a.     Discovery has been completed in *Fuller* and the Defendants' motions for summary judgment are pending.

    b.     Discovery in *Gray* began after the filing of the parties' planning report (Doc. 15) on October 16, 2017. The parties have engaged in paper discovery and deposed several fact witnesses.[3] The parties have not been deposed. Additional paper discovery on the counterclaim is necessary, and the depositions of several fact witnesses are needed. The discovery deadline is August 7, 2019. (Doc. 101).

    c.     Discovery in *Jenkins* began following the filing of the parties' planning report on November 14, 2017. Paper discovery has been exchanged and several fact witnesses have been deposed.[4] The

---

[3]     With respect to some witnesses, the parties took depositions contemporaneously in the *Fuller, Gray*, and *Jenkins* cases.

[4]     With respect to some witnesses, the parties took depositions contemporaneously in the

parties' depositions have not been taken, additional paper discovery remains necessary, and the depositions of several fact witnesses are needed. The discovery deadline in *Jenkins* is October 21, 2019.

d.   To promote efficiency and avoid duplication of production, early in the case, the parties agreed that documents produced in one case would not have to be reproduced in another.

e.   Defendants raised concerns in their motion about a case in the United States Court for the Northern District of Alabama, *Collins v Koch Foods of Alabama, LLC, et al.* – Case No. 2:18-cv-00211-ACA. In that action, Collins, a former Human Resources Manager for Koch Foods, alleges that Koch Foods subjected her to unlawful discrimination and retaliation when it denied her promotions, paid her less than similarly situated persons outside her protected class, and terminated her employment. Neither Birchfield nor McDickinson are parties to that action. The discovery deadline in that case was April 1, and the dispositive motion deadline is May 1, 2019.

3.   Even though United States Magistrate Judge David Baker denied Defendants' request to enter a privacy protective order in these actions (doc. 113,

---

*Fuller, Gray*, and *Jenkins* cases.

4

p.2, ¶ 2), discovery had been conducted for over a year in all three cases since his ruling, and summary judgment is pending in one case, Defendants now move this Court to revisit the issue decided by Magistrate Judge Baker.[5] The *law of the case* doctrine requires this Court to deny Defendants' motion.

    a.    The law of the case doctrine prohibits a court from revisiting an issue once it has been decided in pending litigation. *See DeLong Equip. Co. v. Wash. Mills Electro Minerals Corp.*, 990 F.2d 1186, 1196-97 (11th Cir. 1993).[6] The doctrine is not absolute; courts may alter prior holdings based on "a change in controlling authority, new evidence or the need to avoid manifest injustice." *Id.* at 1196. "

    b.    Defendants do not argue that any of these circumstances apply to this motion. Rather, they are simply taking a second run at a previously disposed of discovery dispute due to a change in Magistrate Judge assignment in the cases. Defendants do not argue that there has been a change in controlling authority. They argue that because some of the

---

[5]    Defendants did not file any objection to Magistrate Judge Baker's discovery ruling, seek review of the ruling by the District Court Judge assigned to the case, and/or file any motion for reconsideration.

[6]    For law of the case to apply, "the issue in question must have been decided either expressly or by necessary implication in the previous disposition." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (internal quotations and punctuation omitted) (quoting *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir. 1990).

claims in the case involve allegations of sexual harassment by the human resources managers at Koch Foods, a privacy protective order is necessary. This argument is the same argument rejected by Magistrate Judge Baker. The complaints filed in all three actions as well as the counter-claims filed by McDickinson and Birchfield contain factually detailed allegations of sexually explicit conduct. Those allegations have been present in the cases since their filing. The facts which Defendants want to deem confidential is not newly discovered; the facts were known to them at the time the pleadings were filed and at the time Magistrate Judge Baker denied their request to enter a privacy protective order.[7]

c.   Defendants do not argue it would be manifest injustice to abide by Magistrate Judge Baker's ruling. While they argue that evidence in these cases relates to explicit facts, McDickinson and Birchfield have put those same facts at issue through their counter-claim that details allegations of sexually explicit conduct. One of the defenses pursued by Gray to their defamation claim is truth. McDickinson and Birchfield cannot on the one hand put these facts and the status of

---

[7]   There are sexually explicit photographs that are evidence in the cases. The photographs

their reputation at issue in public filings and then argue the underlying evidence should be treated as confidential because it could affect their reputation.

d.   In contacting Plaintiff's counsel about the instant motion, counsel for Defendants did not argue that Magistrate Judge Baker's prior ruling should be disturbed due to a change in controlling authority, new evidence or the need to avoid manifest injustice. Rather, counsel for Birchfield and McDickinson argued that "[m]any documents, including plaintiff's medical records, must be treated confidentiality [sic] and with great care to prevent embarrassment or any damage to reputation." (Ex 1, Email Exchange of March 19, 2019 – Email from Marion Walker at 2:20 PM).[8]

e.   Because Defendants have not satisfied any of the criteria for disturbing the law of the case, their motion is due to be denied.

4.   The motion filed on behalf of Defendants is untimely. A motion for protective order should be filed before the time to respond to discovery requests or before the date of depositions. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011). The discovery deadlines in the *Fuller* and *Collins*

---

are subject to a joint protective order. (Doc. 98).

cases have passed. Discovery in *Jenkins* and this action (*Gray*) has been conducted for over a year. Entering a privacy protective order at this point is the equivalent of shutting the barn door after the horse has been let out.

5.      Rule 26(c) of the Federal Rules of Evidence permits a "party or any person from whom discovery is sought" to move for a protective order. The rule permits the Court, for good cause, to enter the order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Defendants have not shown good cause. The producing party must support its claim for good cause through specific facts rather than conclusory or stereotypical statements. *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 2005). The pending motion does not identify specific documents or testimony for which Defendants seek protection, nor do they show good cause for the same. Rather, they assert in a conclusory manner that a privacy protective order is needed. This does not meet the Rule 26 standard. The pending motion should be dismissed.

6.      The motivation behind Defendants' motion appears not to be to avoid annoyance, embarrassment, oppression, or undue burden or expense, but rather a desire to restrict the Plaintiffs' ability to use relevant information to prosecute their claims. The motion seeks to restrict the use of information obtained in one of

---

[8]      The motion makes no mention of any information relating to Plaintiff.

these three cases from being used in one of the others. (Doc. 113, p. 4, ¶10). Defendants offer no explanation of how they would be harmed by the use of the information among the cases, and they cannot. The lawyers in all three cases are the same. The Defendants are effectively the same in all three cases. There is no unfair surprise or prejudice to Defendants through the use of information among the cases. However, if the motion is granted and the use of the information is restricted, Plaintiffs will be prejudiced because they would be forced to engage in duplicative discovery that would unnecessarily compound expenses and time invested in discovery. This likely would put the parties in the position of having to again seek an extension of deadlines in this case, causing further delay of the disposition of these disputes.

7.      Rule 1 of the Federal Rules of Civil Procedure directs the rules should be construed, administered and employed by the parties and the court to secure the just, speedy, and inexpensive determination of every action and proceeding. The pending motion runs contrary to these rules because it would require the parties to engage in duplicative discovery (increasing the financial and time burden on the parties) and restrict Plaintiffs' ability to use truthful and relevant information to carry their burdens of proof. If denied, there is no harm to the Defendants. The pending motion is an effort to frustrate discovery in the case, and due to its vague

9

nature as to what it seeks to protect, will inevitably lead to future discovery disputes as to what should be legitimately be deemed confidential and/or whether the terms of any such privacy protective order have been violated. Because the pending motion seeks to unnecessarily complicate the cases pending before the Court, the letter and spirit of Rule 1 encourages the motion's denial.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request the pending motion for protective order be denied.

Respectfully submitted by the attorneys for the Plaintiffs:

s/Heather Newsom Leonard
Heather Newsom Leonard
Heather Leonard, PC
2105 Devereux Circle; Suite 111
Birmingham, AL 35243
205-977-5421
Fax: 205-278-1400
Email: heather@heatherleonardpc.com

/s/ Cynthia Forman Wilkinson
Cynthia Forman Wilkinson
Wilkinson Law Firm PC
215 N. Richard Arrington Jr. Blvd.
Suite 301
Birmingham, AL 35203
205-250-7866
Fax: 205-250-7869
Email: wilkinsonefile@wilkinsonfirm.net

Alicia Kay Haynes
Alicia Kay Haynes

10

Charles E. Guerrier
Haynes & Haynes, PC
1600 Woodmere Drive
Birmingham, AL 35226
205-879-0377
Fax: 205-879-3572
Email: akhaynes@haynes-haynes.com
        ceguerrier@haynes-haynes.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following counsel of record via the Court's ECF filing service on the 4th day of April, 2019:

Marion F. Walker
FISHER PHILLIPS LLP
2323 2nd Avenue North
Birmingham, AL 35203

Corey Goerdt
FISHER PHILLIPS LLP
1075 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30309

Rachael V. Barlotta
Sharonda C. Fancher
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, AL 35203

/s/ Heather Newsom Leonard
OF COUNSEL

12