IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KA'TORIA GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-cv-595-ALB |
| ) | |
| KOCH FOODS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on the parties' Joint Motion to Amend this Court's Scheduling Order to Extend All Remaining Deadlines (Doc. 143). Upon consideration, the motion is **GRANTED IN PART AND DENIED IN PART**.

This case is a routine employment discrimination dispute. It was filed two years ago in 2017. A little over one month ago, the undersigned held an in-person status conference with counsel for the purposes of discussing a trial schedule in this case and two similar cases with the same counsel. The three cases are *Fuller v. Koch Foods* (17-cv-96), *Gray v. Koch Foods* (17-cv-595), and *Jenkins v. Koch Foods* (17-cv-364). At the conference, counsel for plaintiffs and defendants proposed that *Fuller* should remain scheduled for trial in Fall 2019, that one additional case could

be tried in the Spring of 2020, and another case in June or October of 2020 (plaintiffs' lawyers wanted to go to a conference in June, but otherwise agreed to that date). The Court kept *Fuller* in the Fall of 2019 and set both *Gray* and *Jenkins* for trial in June of 2020, giving counsel for the parties more time than they requested.

Now, a little over a month since that conference, the parties have filed a motion to extend all the deadlines in both the *Gray* and *Jenkins* cases and continue both trials. The Court has the following thoughts about this motion: First, in the motion, the parties do not attempt to identify a single thing that has changed since the in-person status conference less than a month ago.[1] Second, these cases have been pending for two years, yet the motion seemingly suggests that nothing beyond routine paper discovery has been accomplished in either case. Third, the motion states that Defendants propose to take "at least eighteen (18) fact witness depositions," which appears on its face to be disproportionate to the nature of these cases. *See* Fed. R. Civ. P. 26(b)(1). Fourth, the Court denied Defendants' motion to reopen discovery in *Fuller* because the Court believed it would be impossible for counsel to conduct additional discovery in that case and also to prepare for *Gray* and *Jenkins*. Obviously, the Court was correct. Fifth, the undersigned has approximately

---

[1] The only arguable change is a cryptic reference to health problems experienced by one of Plaintiffs' counsel, but the motion does not say whether those health problems developed after the in-person status conference.

180 pending civil cases with more filed every day and cannot organize the Court's entire annual calendar to accommodate these three routine employment disputes.

The Court does not find good cause to extend discovery deadlines, reschedule trials, or make any other changes in these cases. Nonetheless, the motion will be granted to the following extent:

- The Court will set a special two-week trial term for July 20, 2020. *Gray* and *Jenkins* are hereby set for jury selection and trial during that Term.

- The discovery cutoff for both *Gray* and *Jenkins* is extended to March 1, 2020.

- Dispositive motions are due on March 15, 2020.

- A pretrial conference will be set closer to the date of trial.

- Counsel for the parties may file one additional motion to extend these deadlines and/or continue trial in either *Gray* or *Jenkins* but not both. No additional motions to extend these deadlines will be considered absent extraordinary circumstances.

**DONE** and **ORDERED** this 22nd day of July 2019.

                                                /s/ Andrew L. Brasher  
                                         ANDREW L. BRASHER  
                                         UNITED STATES DISTRICT JUDGE