**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **KA'TORIA GRAY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.** |
| v. | ) | **2:17-cv-00595-ALB-JTA** |
| | ) | |
| **KOCH FOODS, INC.; KOCH** | ) | |
| **FOODS OF ALABAMA, LLC;** | ) | |
| **DAVID BIRCHFIELD; and** | ) | |
| **MELISSA MCDICKINSON,** | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT**
**BIRCHFIELD'S MOTION FOR ORDER TO SEAL,**
**ALTERNATIVELY TO STRIKE ALLEGEDLY SCANDALOUS**
**PORTIONS OF DAVID BIRCHFIELD'S DEPOSITION**

The primary objective of Title VII of the Civil Rights Act of 1964 "is a prophylactic one," *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417 (1975); it aims, chiefly, "not to provide redress but to avoid harm," *Faragher v. City of Boca Raton*, 524 U.S. 775, 806 (1998). With regard to sexual harassment, "Title VII is designed to encourage the creation of antiharassment policies and effective grievance mechanisms." *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 764 (1998). The purposes underlying Title VII are advanced where employers adopt antidiscrimination

1

policies, educate their personnel on Title VII's prohibitions, and faithfully enforce those policies. *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 543 (1999); *Burlington Industries*, 524 U.S. at 765.

But the objective of "avoiding harm" cannot be achieved if the very individuals hired to avoid such harm are the perpetrators of that harm. That is the situation facing the Court in this case.

I. INTRODUCTION

In this case, Ka'Toria Gray, a nurse previously employed at the Koch Foods of Alabama, LLC/Koch Foods, Inc. (collectively "Koch Foods") Debone Plant facility in Montgomery, alleges, *inter alia*, that Defendant David Birchfield (the Complex Human Resources Manager) and Defendant Melissa McDickinson (the Debone Plant Human Resources Manager) pursued an unwelcome sexual relationship with her over a period of approximately five months. As described more specifically in her Amended Complaint[1] (Doc. 3: ¶¶ 95-185), Ms. Gray alleges that both Birchfield and McDickinson pursued a sexual liaison with her.

As stated by Defendant Birchfield in his motion (Doc. 166 at ¶ 3), after Ms. Gray filed her EEOC charge, the law firm representing Koch Foods hired a private

---

[1] The Amended Complaint also included allegations of similar conduct directed against co-plaintiff Robert Harvey Fuller. Amended Complaint, ¶¶ 33-94. Those allegations are not relevant to the current motion.

2

investigator, Michael Callahan, to conduct an investigation into Ms. Gray's allegations. The purposes of this investigation were: "To collect evidence that will be used to determine whether or not an employee in a protected class is being adversely affected by a hostile workplace environment at Koch Foods"; "To collect evidence that will be used to determine whether the employee's superiors at Koch Foods have discriminated against said employee"; and "To collect evidence that will be used to determine whether Koch Foods needs to take actions to rectify wrongful actions on the part of Koch Foods employees." [2] This investigation lasted at least three months and involved interviews of various individuals who might have information relevant to Ms. Gray's allegations and Mr. Birchfield's denials. Mr. Callahan prepared letter-reports after each interview describing the substance of the interview and opining on the credibility of each witness interviewed. Defendant Koch Foods produced these reports during discovery.

On December 11, 2019, Plaintiff deposed Mr. Callahan. During his deposition he was asked about the various stages of his investigation, including the individuals he interviewed. Mr. Callahan identified Brooke Smith as an individual he interviewed

---

[2] Callahan Deposition, pp. 117-118. Defendant Birchfield did not file a copy of the Callahan deposition along with his motion, presumably because he did not want to harm his own counterclaims against Ms. Gray by self-publishing damaging information which is the subject of his claims. Similarly, Plaintiff has not filed a copy of the deposition at issue but will gladly submit a copy to the Court upon request.

four or five times.[3] In Mr. Callahan's *Summary of Danielle Brooke Smith Information*, he noted that detailed information provided by Smith "was accurate based upon interviews of Birchfield, McDickinson, and their associates."[4] Mr. Callahan further noted that there were certain things which Ms. Smith said "that may be more reliable because everybody realizes they're more reliable. And that doesn't mean that they're absolutely reliable ...."[5] Mr. Callahan then prepared a report setting forth the information which he received from Ms. Smith which he deemed to be accurate.[6] During his deposition, Plaintiff's counsel questioned Mr. Callahan about all of the things which he put in his report concerning Ms. Smith.

Defendant Birchfield now seeks to seal, or alternatively to strike, portions of this deposition because "the manner of questioning [by Plaintiff's counsel] attributed credence to written assertions by Smith and the scandalous and crude nature of the assertions, some of which alleged McDickinson, who was not present at the deposition[7], had sex with a 17 year old." (Doc. 166, p. 4.) Because Defendant

---

[3]Callahan Deposition, p. 339.

[4]Callahan Deposition, p. 349.

[5]Callahan Deposition, p. 355.

[6]Callahan Deposition, p. 361.

[7]While Ms. McDickinson, herself, was not present at the deposition, Marion Walker, her attorney, appeared at the deposition on behalf of both Defendant Birchfield and Defendant McDickinson. Of course, the motion at issue was not filed by Ms. McDickinson.

Birchfield's motion is not well taken, it should be denied.

II.     THE COURT MAY NOT STRIKE A DEPOSITION

Defendant Birchfield cites no authority to support his argument that the Court should strike the deposition of Mr. Callahan. And for good reason. There is no authority to support such action. The Federal Rules of Civil Procedure delineate the general use of a motion to strike: "The court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. Proc. As Judge Thompson recognized in *Reeves-Howard v. Southern Union Sate Community College, et al.*, 2009 WL 1442059, at *1 (M.D. Ala. 2009), "[t]he terms of the rule make clear that '[o]nly material included in a "pleading" may be subject of a motion to strike .... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.' 2 James Wm. Moore, et al., *Moore's Federal Practice* § 12.37[2] (3d ed. 1999)." *See also Silva v. Swift*, __ F.R.D. __, 105 Fed. R. Serv. 3d 455, 2019 WL 5681293, at *2 (N.D. Fla. 2019) (not every document submitted to a court in a civil action is a pleading); *Harrison v. Belk, Inc.*, 748 Fed. App'x 936, 940 (11th Cir. 2018) (noting that a court is not authorized to strike a motion for summary judgment because such motions are not pleadings); *Reed v. City of Memphis, Tenn*, 735 Fed. App'x 192, 197 (6th Cir. 2018) (observing that affidavits "are not pleadings subject to motions to strike under Rule 12(f)").

Even if depositions were subject to being stricken, Defendant Birchfield has not demonstrated that the matters discussed during Mr. Callahan's deposition are scandalous. A matter is scandalous if it is both grossly disgraceful (or defamatory) and irrelevant to the action of defense. *Blake v. Batmasian*, 318 F.R.D. 698, 700 n. 4 (S.D. Fla. 2017) (citing *Black's Law Dictionary*). Even with purportedly scandalous materials, however, courts must be careful not to strike relevant information merely because one party considers it scandalous. *Silva v. Swift*, __ F.R.D. __, 2019 WL 5681293, at *2 (N.D. Fla. 2019). A pleading is not "scandalous" under Rule 12(f), even if it offends the sensibilities of one party, if the objectionable information deals with acts or events that are relevant to the action. *In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005).

Defendant's motion does not claim that the matters described in Mr. Callahan's notes about his interviews with Ms. Smith or the questions asked of him about those notes are irrelevant to the allegations raised in this action, *e.g.* the improper sexual propositioning of Ms. Gray and other employees of Koch Foods by Mr. Birchfield and Ms. McDickinson. In fact, Defendant Birchfield does not even complain about the questions which were asked of Mr. Callahan. Rather, Defendant Birchfield "contends that the manner of questioning was improper, intended to be humiliating and subjected him to ridicule and disgrace", despite the fact that Mr. Birchfield "denied the

assertions read and questions asked." (Doc. 166, ¶ 7.) This is a far cry from demonstrating that the material contained in the deposition is "scandalous" within the meaning of Rule 12(f). Because Defendant has cited to no authority to support his motion to strike, the motion to strike should be denied.

## III. THE COURT SHOULD NOT SEAL PORTIONS OF THE DEPOSITION

Defendant Birchfield makes the unusual argument that, because Mr. Callahan found some of what Ms. Smith told him to be unbelievable, those portions of Mr. Callahan's deposition identifying what Ms. Smith told him should be sealed. (Doc. 166, ¶¶ 4-6.) Again, Defendant cites no authority for this broad application of the Court's power to seal the records in a case because of a witness's judgment on credibility.

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). While not every hearing, deposition, or conference in a case must be open to the public, "where ... the [court] attempts to deny [...] access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is *necessitated by a compelling governmental interest, and is narrowly tailored to [...] that interest.*" *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (emphasis added) (internal citations omitted).

Whenever a district court is faced with a motion to seal a deposition, or part thereof, the court is not simply being asked to seal that particular deposition. Rather, granting the motion could also seal the public record on summary judgment, including the briefs of the parties and the court's disposition of that motion, as well as portions of the public trial. Consequently, the same common-law right of access must be considered when faced with a motion to seal a deposition, or part thereof, as is faced when considering sealing other public records.

The District Court's authority to seal or otherwise prevent public access to documents or proceedings is derived from Rule 26(c), Fed. R. Civ. Proc. Under the rule, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: .... (F) requiring that a deposition be sealed and opened only on court order; ...." Rule 26(c)(1), Fed. R. Civ. Proc.

When ruling on a motion to seal, the Court must engage in a two-part analysis: (1) determine whether valid grounds for the issuance of a protective order have been presented; and (2) balance the public's interest in access against the litigant's interest in confidentiality. *Estate of Martin Luther King, Jr. v. CBS, Inc.*, 184 F.Supp.2d 1353, 1366 (N.D. Ga. 2002). Defendant Birchfield has not satisfied either part of this test.

"The mere fact that the production of records may lead to a litigant's

embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 10 (1st Cir. 1998); *Cent. Nat'l Bank of Matoon v. U.S. Dep't of Treasury*, 912 F.2d 897, 900 (7th Cir. 1990); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983).

Significantly, Defendant Birchfield does not identify which portions of the Callahan depositions should be sealed. While he makes a general reference to "salacious assertions included in Callahan's report he attributed to Smith" (Doc. 166, ¶ 6), he does not identify how these assertions, which Mr. Birchfield denies[8], meets the Rule 26(c) standard. He does not claim that the testimony was not properly discoverable. In fact, it is. Defendant Koch Foods commissioned the investigation into the allegations being made against Mr. Birchfield and Ms. McDickinson. As part of that investigation, Mr. Callahan interviewed Ms. Smith, on numerous occasions, and kept detailed notes of these interviews, which he converted into a report. This is not a case where the information contained in the deposition is unrelated to the claims

---

[8]Paragraph 6 of Defendant's motion is somewhat confusing. While the motion seeks to seal portions of Mr. Callahan's deposition (Doc. 166, ¶ 4), Mr. Birchfield's counsel argues that during the deposition, "Gray's counsel continued nevertheless to confront Birchfield with the crude assertions, which he flatly denied ...." (Doc. 166, ¶ 6.) Apparently, Mr. Birchfield is claiming that he was somehow harmed by having to listen to Mr. Callahan testify about the things which he had learned from Ms. Smith and put in his report to Koch Foods.

being asserted against Mr. Birchfield. *See Rossbach v. Rundle*, 128 F.Supp.2d 1348 (S.D. Fla. 2000). Indeed, the allegations contained in Mr. Callahan's report were sought by Defendant Koch Foods as a response to Ms. Gray's allegations. While Mr. Birchfield may be "embarrassed" by assertions about his own conduct, his embarrassment does not override the public's common-law interest in access to judicial materials and proceedings.

Further, the statements made by Ms. Smith, as reported by Mr. Callahan, relate directly to the facts put at issue by Defendant Birchfield's and Defendant McDickinson's counterclaims asserted in this case.

Defendant Birchfield has failed to demonstrate good cause for sealing all the deposition of Mr. Callahan and his motion should be denied.

IV. CONCLUSION

Because Defendant Birchfield has failed to demonstrate that his motion is due to be granted, this Court should deny his motion to strike, or in the alternative to seal, the deposition of Mr. Callahan.

                                        Respectfully submitted,

                                        */s/ Charles E. Guerrier*
                                        Charles E. Guerrier
                                        Alicia K. Haynes

HAYNES & HAYNES, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
Phone: (205) 879-0377
Fax: (205) 879-3572
E-mail: ceguerrier@haynes-haynes.com

Heather Newsome Leonard
HEATHER LEONARD, P.C.
2105 Devereux Circle, Suite 111
Birmingham, Alabama 35243
Phone: (205) 977-5421
Fax: (205) 278-1400
Email: Heather@heatherleonardpc.com

Cynthia Forman Wilkinson
WILKINSON LAW FIRM PC
215 Richard Arrington, Jr. Blvd., Suite 301
Birmingham, AL 35203
Phone: (205) 250-7866
Fax: (205) 250-7869
Email: cwilkinson@wilkinsonfirm.net

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rachel V. Barlotta
Sharonda C. Fancher
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, AL 35203

Marion F. Walker
FISHER PHILLIPS
2323 2nd Avenue North
Birmingham, AL 35203

Corey Goerdt
FISHER PHILLIPS
1075 Peachtree Street, NE, Suite 3500
Atlanta, GA 30309

Annalese Reese
FISHER PHILLIPS
1075 Peachtree Street, NE
Suite 3500
Atlanta, GA 30309

/s/ *Charles E. Guerrier*
Charles E. Guerrier
OF COUNSEL