IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KA'TORIA GRAY,                        )
                                     )
        Plaintiff,                    )
                                     )
v.                                    )  Case No. 2:17-cv-00595-RAH-JTA
                                     )
KOCH FOODS, INC., et al.,             )
                                     )
        Defendants.                   )

**ORDER**

Pending before the Court is Defendant David Birchfield's Motion for Order

to Seal,  Alternatively to Strike Scandalous Portions of David Birchfield Deposition.

(Doc. 166.)  This motion is due to be denied for several reasons.

In his motion, Birchfield broadly asks the Court to strike, or alternatively seal,

portions of his deposition testimony. Birchfield does not benefit the parties or the

Court with the deposition transcript at issue, the pages and lines of the deposition

testimony he wishes to have stricken or sealed, or any legal authority for the relief

he seeks.  Furthermore, Birchfield cites to no pleading or court filing that contains

or references the allegedly scandalous testimony.  Indeed, the only reference in the

record to the challenged testimony is that broadly made by Birchfield in his current

motion (Doc. 166) and by the Plaintiff in response thereto (Doc. 183).  Since no

testimony has been filed or referred to in any pleading or document filed of record

1

in this case, there is nothing for the Court to review and therefore nothing for the Court to strike or seal.  For this reason, Birchfield's motion is due to be denied.

Furthermore, the Federal Rules of Civil Procedure delineate the general use of a motion to strike: "On motion made by a party ... the court may strike from a *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The terms of the rule make clear that "[o]nly material included in a 'pleading' may be subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Wm. Moore, et al., *Moore's Federal Practice* § 12.37[2] (3d ed.1999).

Here, Birchfield points the Court to no pleading from which the Court can properly consider a motion to strike.  *See Lowery v. Hoffman*, 188 F.R.D. 651, 653 (M.D. Ala. 1999) (Thompson, J.);  Fed. R. Civ. P. 7(a) (a "pleading" is "a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer.").

To the extent Birchfield is attempting to obtain a ruling regarding the future use and disclosure of his deposition testimony through his request to seal, Birchfield's current motion is not the proper vehicle to do so.  Instead, the rules of civil procedures and evidence provide mechanisms for a party to bring attention to,

and obtain rulings on, the use and disclosure of deposition testimony.  If Birchfield

chooses a proper mechanism under the rules of civil procedure and evidence,

Birchfield bears the burden of proof and must make the proper showing, including

citation to (page and line) the challenged testimony and appropriate legal authority.

In no manner has Birchfield made that showing here.

For these reasons, the Motion for Order to Seal, Alternatively to Strike

Scandalous Portions of David Birchfield Deposition (Doc. 166) is due to be and is

hereby DENIED.

DONE, this 12th day of February, 2020.


                            /s/ R. Austin Huffaker, Jr.
                            R. AUSTIN HUFFAKER, JR.
                            UNITED STATES DISTRICT JUDGE