IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KA'TORIA GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:17-cv-595-RAH |
| ) | [WO] |
| KOCH FOODS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' *First Joint Motion In Limine to Exclude the Testimony of and Records Created by Stephen Coker* (the Motion) (Doc. 310), filed on June 8, 2021. Plaintiff Ka'Toria Gray filed a response (Doc. 355) on July 14, 2021, and the Defendants a reply (Doc. 372) on July 23, 2021. Accordingly, the Motion is ripe for consideration.

The issue at stake in this particular dispute (of which there are many) concerns Gray's Fifth Supplemental Disclosure, filed on the last business day of discovery, February 28, 2020. (*See* Doc. 311-7.) This supplement, filed three years into the litigation, formally identified for the first time Stephan Coker (Coker) as a potential witness that Gray *may* call during the trial, now set for December 6, 2021, and also identified certain data allegedly extracted by Coker from a non-party witness's phone during a data extraction effort performed by Coker several years ago. (*See* Doc. 311-7 at 17; Doc. 275.)

1

Coker's role and involvement in the underlying data extraction effort should have come as no surprise to the Defendants in the February 20, 2020 supplemental disclosure because Coker previously gave testimony during a contested discovery hearing on November 15, 2018 during which Coker's role and involvement as a fact witness was discussed by the parties. (*See* Doc. 96.) Indeed, statements were even made on the record during a subsequent hearing on November 28, 2018 that the Defendants could take Coker's deposition in discovery during the case. (Doc. 186 at 26.)  But apparently, the Defendants elected not to take Coker's deposition during discovery; perhaps in an attempt to lay a trap of their own that they now wish to spring through the filing of the Motion.  Nevertheless, the Defendants claim foul, asserting surprise and prejudice as a result of the February 28, 2020 filing, and they seek an order that Coker and the extracted data be excluded at trial.   (Doc. 310 at 1.)

Defendants object to the testimony of Coker and the data he allegedly extracted via Cellebrite on two grounds: (1) Defendants allege that Coker is an expert witness who Gray failed to properly disclose or submit a Rule 26 compliant expert witness report, and (2) even if Coker could testify as a fact witness, he should be excluded because Gray's supplemental disclosure of Coker and the related data on the last day of discovery was untimely, prejudicial, and without substantial justification. (Doc. 310 at 5, 8.) Gray contends that Coker is not an expert witness, but instead a fact witness whose "anticipated testimony, if any, would be limited to

identifying evidence he extracted from Mr. Jackson's phone," and that, despite disclosing Coker and the data on the last business day of discovery, their disclosure was "timely produced." (Doc. 355 at 5.) Further, Gray submits that the Defendants were not unduly prejudiced by the last-minute disclosure because the Defendants, for three years, had "knowledge of Mr. Coker, his methodology, and the Cellebrite report."[1] (*Id*. at 7.) And in particular, Gray points to the contested discovery hearing in November 2018 during which Coker testified as a witness about the same matters on which he would testify at trial and to the subsequent November 2018 hearing during which Gray's counsel invited the Defendants to take his deposition during discovery.

The Defendants' argument that Coker cannot be called as an expert witness since he was not timely disclosed as an expert would be correct if Gray submitted Coker as a witness who was to provide expert opinions at trial. *See* Fed. R. Civ. P. 26(a)(2). But Gray does not propose to tender Coker as such a witness—Gray only asks that Coker be called as a fact witness to authenticate the data that he extracted. (Doc. 355 at 5.)   Therefore, given that Coker is being proffered as a fact witness who will not provide opinions, only two questions remain: (1) whether

---

[1] It is undisputed that the Defendants had knowledge of Coker and the phone's imaging at least as early as November 15, 2018. (*See* Doc. 186.) Further, the Defendants have also performed their own imaging of the phone since November 2018, stating in a prior hearing: "We now have a workable image . . . And so it would appear that both sides now have the iPhone image from which to work and use whatever material might be relevant." (Doc. 186 at 15.)

authentication of the extracted phone data requires expert testimony and, if not, (2) may Coker be allowed to testify given that he was disclosed by Gray as a potential witness on the last business day of discovery, despite the Defendants' previous knowledge about him, his role, and his testimony.

The Court concludes that Coker may testify in this case but only in the limited capacity of a fact witness regarding the procedures and Cellebrite program he employed and the data that he extracted from Jackson's phone.[2] *See United States v. Ovies,* 783 F. App'x 704, 707 (9th Cir. 2019) ("The district court did not abuse its discretion by allowing [the witness] to testify about using Cellebrite to extract data from [the defendant's] cell phone without first qualifying him as an expert witness…."); *United States v. Marsh*, 568 F. App'x 15, 17 (2d Cir. 2014) ("[The witness] did not purport to render an opinion based on the application of specialized knowledge to a particular set of facts" when he "testified to the contents of the messages [he] retrieved from [a] phone."); *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1126, 1133 (M.D. Fla. 2007) ("[The witness] is permitted to testify regarding the data obtained from such computers, the dates of the elimination of material from such computers, if based on fact and not opinion, and the procedures

---

[2] And, at least during a prior hearing, Defendants' counsel appeared to agree, stating, "It appears, based on what plaintiff is saying in their response, that, well, [Coker's] just going to talk about his procedures and processes he used to image [Jackson's] phone. If that's the case, he's a fact witness. And so we don't disagree with his being able to testify to the factual steps he took and -- and what he did . . . ." (Doc. 186 at 14–15.)

used to extract such information. Expert opinion testimony by this witness, however, will not be permitted."). Coker, however, will not be permitted to offer any opinions.

Further, the Court concludes that Gray's last minute supplemental disclosure of Coker as a witness that Gray *may* call, while largely harmless given that his role, involvement, and proposed testimony have been known to the Defendants for years as a result of the discovery hearing, nevertheless was a disclosure that was not in strict compliance with the rules of civil procedure or scheduling orders of this Court.

Indeed, history has seemed to repeat itself with the attorneys for the parties in this case, as now counsel appear to be standing in the other's shoes as previously worn in *Vinson v. Koch Foods of Alabama, LLC,* No. 2:12-CV-01088-WKW-SRW, 2015 WL 13846241, at *2 (M.D. Ala. Dec. 28, 2015). In *Vinson*, the argument that the Defendants currently make failed, and it similarly fails now.

In sum, Gray's formal disclosure of Coker was untimely, thereby leaving no opportunity after that point for the Defendants to depose Coker. Nevertheless, to remedy and mitigate any prejudice to the Defendants, the Court chooses to employ the same remedy as employed in *Vinson*—a deposition of Coker outside the close of discovery.

Accordingly, it is **ORDERED** as follows:

1.   Defendants' *Joint Motion In Limine To Exclude The Testimony Of And Records Created By Stephan Coker* (Doc. 310) is hereby **DENIED** to the extent that the Defendants seek the complete exclusion of Coker as a witness and the related

5

data evidence he extracted from Jackson's phone. Although Coker and the extracted data are not excluded based on the timeliness of their disclosure, the Court's ruling does not preclude the Defendants from seeking exclusion of Coker and the data for reasons not set forth in the pending Motion.

    2.    The Motion is **GRANTED** to the extent that the Defendants will be permitted to take Coker's deposition out of time. The Plaintiff shall make Coker available for deposition on or before **October 1, 2021.**

    3.    The Defendants are granted leave up to and including **October 15, 2021** to supplement their witness and exhibit lists with any individuals or evidence the Defendants discover during the Coker deposition that constitutes rebuttal evidence to the testimony of Coker.

DONE, on this the 14th day of September 2021.

                              /s/ R. Austin Huffaker, Jr.
                              R. AUSTIN HUFFAKER, JR.
                              UNITED STATES DISTRICT JUDGE