IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KA'TORIA GRAY,                  )
                                     )
     Plaintiff,            )
                                     )
v.                            )   CASE NO.: 2:17-cv-595-RAH
                                   )        [WO]
KOCH FOODS, INC., *et al.*,    )
                                   )
     Defendants.       )

## MEMORANDUM OPINION AND ORDER

Before the Court is *Defendants' Second Joint Motion to Exclude Leirin Ragan from Testifying, or, in the Alternative Motion to Reopen Discovery and Disqualify One of Plaintiff's Attorneys* (Motion) (Doc. 311), filed on June 8, 2021. Plaintiff Ka'Toria Gray (Gray) filed a response (Doc. 355) on July 14, 2021, and the Defendants a reply (Doc. 367) on July 23, 2021.

## I.    BACKGROUND

The current issue before the Court arises from interactions between Leirin Ragan Sides (Sides), a former attorney with the Haynes & Haynes law firm (Haynes firm), one of the firms that currently represents Gray, and Steven Jackson (Jackson), a former employee of Defendant Koch Foods of Alabama LLC (Ala-Koch) and potential witness in this case presumably adverse to the interests of the Defendants. In this Motion, the Defendants primarily seek to exclude Sides from testifying as a

witness at trial relating to an authentication issue, or alternatively, to obtain an order reopening discovery if the Court decides to allow Sides to testify.

Sometime in the summer of 2016, Jackson sought legal advice from the Haynes firm regarding his own experience as an Ala-Koch employee. (Doc. 82 at 15.) On his first visit to the Haynes firm, Jackson met with Sides, who was an attorney there at the time, and apparently showed Sides several images on his phone, which Sides, in turn, photographed using her own phone. (*Id*.) These images allegedly depicted Jackson's former supervisors, Defendants David Birchfield and Melissa McDickinson, in an unflattering light.  It is these images and anyone who can authenticate them that draws the ire of the Defendants in the present dispute.

Pertinent to the current issue, after the initial meeting, Jackson consulted with Sides on two or three more occasions; however, Jackson and the Haynes firm never entered into a formal attorney-client relationship. (*Id*.) Nor did Gray's current counsel, Alicia K. Haynes, ever meet Jackson during these visits, as Jackson only met with Sides. (*Id*.) Sometime after these consultations, Sides left the Haynes firm for employment elsewhere.

The exact chronology is unclear in the record, but after Sides left the Haynes firm, Jackson went back to the Haynes firm's office where he, for the first time, met Gray's current counsel, Alicia Haynes. (*Id.* at 16.) On this visit, Jackson apparently asked Ms. Haynes to keep and safeguard two phones.  The Haynes firm obliged,

storing the phones in their office.  At some later date, the Haynes firm attempted to access the phones and learned that the phones were no longer operational. So, with Jackson's permission, the Haynes firm turned the phones over to a forensic data extraction vendor, Stephan Coker, who was able to extract text message and photographic data from one of them. (*Id.* at 16.)

Despite never representing Jackson, the Haynes firm was worried about conflicts arising from its relationship Jackson. (*Id.* at 17.) To dispel any potential conflicts going forward, the Haynes firm informed Jackson that they could not represent him and therefore they facilitated a meeting with another attorney, who undertook his representation. (*Id.*)

The exact nature of the relationship between Jackson and the Haynes firm is muddy, which is the root of the Defendants' contentions today. For Jackson's part, he stated in a 2018 deposition that each time he visited the Haynes firm he was "going to seek legal advice" and that he never thought he had "a lawyer at that time." (Doc. 311-1 at 11.) Still, the Haynes firm believed that, at least as it related to certain communications between Jackson and Sides, the consultations implicated the attorney-client privilege which Jackson invoked at his deposition "as to all conversations [] had with Ms. Haynes and her associates." (*Id.*)

Making these facts of importance at the present moment is the Plaintiff's Fifth Supplemental Disclosure, which was filed on the last business day of discovery and

which included Sides as a witness that Gray *may call* at trial, stating, "[Ms. Sides]

worked as an associate for Haynes & Haynes, P.C. and has knowledge of Steve

Jackson's cell phone and taking photos of the screen shots and copies produced."

(Doc. 311-7.)  Gray only intends to call Sides, if Gray does at all, as a "fact witness

to authenticate" the photographs she took of Jackson's phone—photographs which

Gray points out have been known to the Defendants since mid-2018 and have already

been disclosed to Defendants' counsel in two companion cases against Ala-Koch:

*Fuller v. Koch Foods, et al.,* Case No. 2:17-cv-000096-ALB, M.D. Ala., and *Jenkins*

*v. Koch Food, et al.,* No. 2:17-cv-364-RAH, M.D. Ala.  (Doc. 355 at 8.)  The

Defendants seek to exclude Sides as a trial witness for a variety of reasons, including

the last second disclosure of Sides as a witness and Jackson's assertion of the

attorney-client privilege during his depositions.  The Defendants also seek to

disqualify Gray's counsel, Ms. Haynes, and to reopen discovery.

## II.    DISCUSSION

Related to Sides, the Defendants bring forth several issues. First, the

Defendants contend that  Sides should be excluded as a witness because she was not

timely disclosed. (Doc. 311 at 3.) Second, the Defendants contend that if Sides is not

excluded, then the Court should reopen discovery and permit the Defendants "to

depose Ms. Sides and Ms. Haynes, depose Jackson, and obtain all emails, notes, and

other documents pertinent to the meetings between Jackson and Haynes & Haynes

employees at the time," to prevent Gray from using the attorney-client privilege as a shield and a sword. (*Id.*) Finally, the Defendants argue that if Sides is allowed testify, then the Haynes firm, and its attorneys (Ms. Haynes in particular), should be disqualified from representing Gray at trial. (*Id.*) In response, Gray argues that, if Sides testifies, it will only be in a limited capacity as a fact-witness who took several photographs, and that the Defendants have made a "mountain out of a mole hill" in arguing that if Sides can testify, then the Haynes firm must be disqualified. (Doc. 355 at 8.)

### A. Defendants' Motion to Exclude Sides

The Defendants' motion to exclude Sides as an untimely disclosed witness is **DENIED**.  Gray's last minute supplemental disclosure of Sides as a witness that Gray *may* call, while largely harmless given that her role, involvement, and foreseeable testimony have been known to the Defendants for years, nevertheless was a disclosure that was not in strict compliance with the rules of civil procedure or scheduling orders of the Court. *See* Fed. R. Civ. P. 26(e)(1)(A); Fed. R. Civ. P. 37(c)(1)(C). However, rather than exclude Sides from testifying entirely—as the Defendants encourage—the Court will allow a deposition of Sides outside the close of discovery, strictly limited to the scope of her proposed trial testimony—her authentication of the photographs she took.  Should Gray withdraw Sides as a witness, then the issue is moot and no deposition will be permitted.  The Court takes

no position as to privileges that may or may not apply during that deposition, as such an analysis is premature and arguably requires the Court to give an advisory opinion about hypothetical questions yet to be asked, hypothetical answers yet to be given, and hypothetical objections yet to be lodged.

### B. Defendants' Motion to Re-Open Discovery

Since the Court has concluded that Sides can testify at trial and can be deposed for the limited purpose identified by Gray (authentication), the Court turns next to the Defendants' proposed alternative remedy: a broad-scale reopening of discovery to allow for the Defendants to depose Sides, Ms. Haynes, and  Jackson (for a fourth time), and to obtain all notes and communications between Jackson and the Haynes firm. (Doc. 311 at 17.) The Defendants' argument for such a broad-scale remedy rests on the idea that Gray has unfairly used the attorney-client privilege both as a shield and a sword. The Defendants contend that, in the first instance, Gray used the attorney-client privilege as a shield, when at Jackson's deposition, Jackson asserted the attorney-client privilege "as to all conversations [] had with Ms. Haynes and her associates." (Doc. 311-1 at 11.) And now, in the second instance, Gray is attempting to use the privilege as a sword in trying to use the information that was shielded during Jackson's deposition offensively at trial.

It is apparent to this Court that the scope of testimony that Gray intends to elicit from Sides, if Gray calls Sides at all, is limited to an issue of authentication of

6

photographs that have been known to the Defendants for years.  No suggestion is made by Gray that she intends to call Sides as a witness for the purposes of testifying about her notes or communications with Jackson. In any event, the Court chooses not to entangle itself into the issue of the attorney-client or work product privilege because it need not do so at the present moment.  That is an issue for Gray, the Haynes firm, Sides, and Jackson to resolve among themselves before trial because the issue implicates ethical considerations that, to some extent, involve Jackson's consent. But as a caveat, the Haynes firm cannot at trial otherwise elicit clearly confidential and privileged testimony from Jackson on the one hand, while on the other, have that same witness refuse to answer questions on the same subject matter under a privilege assertion.  Accordingly, the Defendants' Motion, to the extent it seeks to re-open discovery to take the deposition of Alicia Haynes or to obtain notes and communications between the Haynes firm and Jackson, is **DENIED**. However, discovery is re-opened for the limited purpose of deposing Sides.

### C. Defendants' Motion to Disqualify

The Defendants also argue that the Haynes firm (Ms. Haynes in particular) must be disqualified from representing Gray at trial if Sides is allowed to testify as a witness. (Doc. 311 at 17.) The basis given is two-fold: (1) Alabama Rule of Professional Conduct 3.7 prohibits lawyers from simultaneously acting as an advocate at trial and as a necessary witness in that same trial, and (2) the Haynes

firm has an actual conflict of interest since their former client, Jackson, will be called as a witness. (Doc. 311 at 16–19.) Both bases are without adequate merit to hurdle the high burden of proving "that disqualification is absolutely necessary, that there are no viable alternatives, and that the motion is not a cynical attempt to harass the opposing party and gain an unfair advantage in the litigation." *Hershewe v. Givens*, 89 F. Supp. 3d 1288, 1291 (M.D. Ala. 2015).

"Motions to disqualify are governed by two sources of authority." *Herrmann v. Gutterguard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006). First, "attorneys are bound by the local rules of the court in which they appear," and second, "federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of the parties." *Id*.

Four principles guide this Court in evaluating the Defendants' motion for disqualification. *In re Emp't Discrimination Litig. Against Ala.,* 453 F.Supp.2d 1323, 1331–32 (M.D. Ala. 2001). "First, disqualification is a drastic measure, which courts should hesitate to impose except when absolutely necessary. Second, because of the impact a motion to disqualify has on the party losing her counsel, the moving party is held to a high standard of establishing the basis for the motion, and the need for disqualification." *Hershewe*, 89 F. Supp. 3d at 1290–91. Third, the Court looks for less drastic alternatives to disqualification that would cure the violation, and finally, "because a motion for disqualification is such a potent weapon and can be

misused as a technique for harassment, the court must exercise extreme caution in considering [disqualification]." *Id.*

The Defendants argue for disqualification on two fronts but they cite only one rule of professional conduct, Rule 3.7, which prohibits attorneys from simultaneously acting as both an advocate and a witness at the same trial. Ala. R. P. C. 3.7. Nonetheless, based on the gist of the Defendants' briefing, the Court concludes that the Defendants also move to disqualify the Haynes firm under Rule 1.9, which requires disqualification when there is a conflict with a former client.

First, Rule 3.7(a) states that "a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, except where: (1) [t]he testimony relates to an uncontested issue; (2) [t]he testimony relates to the nature and value of legal services rendered in the case; or (3) [d]isqualification of the lawyer would work substantial hardship on the client." Ala. R. P. C. 3.7. Meanwhile, "a necessary witness is one who has crucial information in [her] possession which must be divulged" and whose testimony is relevant, material, and unobtainable elsewhere." *Lane v. State*, 80 So. 3d 280, 299 (Ala. Crim. App. 2010).

Contrary to what the Defendants overreachingly suggest, the Court concludes that the Haynes firm and Ms. Haynes should not be disqualified from representing Gray at trial, especially given the record presented to the Court at this point in time. Crucially, Sides is not currently an attorney with the Haynes firm, nor does Sides

currently represent Gray.   Therefore, Sides will not be acting as an "advocate at

trial." Further, Gray does not intend to call Ms. Haynes as a witness, and therefore

this is not a circumstance where a party intends to call that party's own attorney as

a necessary witness.  It is the Defendants who claim that they may call Ms. Haynes

as a witness, and it appears that the motive in doing so has little direct, or necessary,

bearing on Sides's ability to authenticate the photographs at issue.  Of course, things

change, and therefore Gray's counsel again holds the keys as to whether an issue

arises in the future that would compel their disqualification.

Second, the Defendants' other basis for  disqualifying the Haynes firm is also

without adequate merit. The Defendants argue that because Jackson was at one time

the Haynes firm's prospective client and because Jackson may be called to testify at

trial by the Haynes firm, there is a conflict of interest that necessitates

disqualification. To support this position, the Defendants cite to several cases

analyzing the Sixth Amendment guarantee that criminal defendants are provided

with attorneys who are free of conflicts of interest. *See United States v. Ross*, 33 F.3d

1507, 1522 (11th Cir. 1994). However, Sixth Amendment jurisprudence has little

application in this civil case.

Rule 1.9, Ala. R. P. C., does provide that "[a] lawyer who has formerly

represented a client in a matter shall not thereafter: (a) represent another person in

the same or a substantially related matter in which that person's interests are

10

materially adverse to the interests of the former client, unless the former client consents after consultation; or (b) use information relating to the representation to the disadvantage of the former client." Indeed, "[t]he party moving for an attorney's disqualification under . . . Rule 1.9 bears the burden of proving the existence of a conflict of interest." *Ex parte Tiffin*, 879 So. 2d 1160, 1164 (Ala. 2003). And generally, "a stranger to the attorney-client relationship lacks standing to assert a conflict of interest in that relationship" under rule 1.9. *Id.* at 1165. "In other words, . . . courts do not disqualify an attorney on the grounds of conflict of interest unless the former *client* moves for disqualification." *Id.* (cleaned up).

Given that the Defendants are not the Haynes firm's former client, under the general rule, they generally lack standing to move to disqualify the Haynes' firm under Rule 1.9. But even if they had standing, the Defendants have come nowhere near meeting the heavy burden of showing an actual conflict of interest between the Haynes firm and its current client (Gray) or its former prospective client (Jackson) that necessitates the disqualification of the Haynes firm at this late stage in the case. As such, the Defendants' motion to disqualify is **DENIED**.

### III.   CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1.    The Defendants' Motion (Doc. 311) is **DENIED** to the extent the Defendants seek to disqualify or exclude Leirin Ragan Sides as a witness in this case.

However, if the Plaintiff continues to list Sides as a witness that she *may call* at trial, the Defendants are permitted to take Sides's deposition on or by **October 15, 2021**, related solely to the issue of authentication of the subject photographs.

2.      The Defendants' Motion (Doc. 311) is **DENIED** to the extent the Defendants seek to disqualify the law firm of Haynes & Haynes or any of the attorneys currently representing the Plaintiff.

3.      The Defendants' Motion (Doc. 311) is **DENIED** to the extent the Defendants seek leave to reopen discovery in this case for the purposes of taking depositions (other than the deposition of Sides which will be permitted, or any other depositions that the Court may allow by separate order) or obtaining notes and communications.

4.      All other relief sought by the Defendants in the Motion (Doc. 311) is hereby **DENIED**.

DONE, on this the 14th day of September, 2021.

                                    /s/ R. Austin Huffaker, Jr.
                                    R. AUSTIN HUFFAKER, JR.
                                    UNITED STATES DISTRICT JUDGE

13