IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KA'TORIA GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-595-RAH-JTA |
| | ) | |
| KOCH FOODS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

Pursuant to Middle District of Alabama Local Rule 16.1, it is

ORDERED that a mediation conference in this case is scheduled for **November 9, 2021, at 10:00 a.m. CST**. The conference will occur before the undersigned Magistrate Judge via video teleconference. A member of the undersigned's chambers will email the Zoom link to counsel for the parties. The parties shall join the conference no later than five minutes before it begins. A party who experiences technical difficulties should attempt to rejoin the conference before contacting chambers at (334) 954-3700.

It is further ORDERED that, on or before **November 7, 2021**, **at 12:00 p.m. CST**, each party shall send a confidential mediation statement, in PDF format, to propord_doyle@almd.uscourts.gov. Confidential mediation statements are intended solely for the Court's use in preparing for the mediation conference. The statements should not be filed with or transmitted to the Clerk of Court or served on another party. The undersigned will keep confidential all matters within the statements, meaning that he will not disclose any matter contained within a statement to another party or the trial judge.

Each confidential mediation statement must be no longer than 10 pages and include:

1. An estimate of the costs and time to be expended for further discovery, trial preparation, and trial;

2. A pertinent history of the litigation and past settlement discussions, including the results of the face-to-face settlement conference;

3. An explanation of the party's claims or defenses and a candid assessment of the strengths and weaknesses of those claims and defenses;

4. A candid statement of the following:

    a. the party's objective in this litigation;

    b. the nature of the relationship between the party and counsel; and

    c. any sensitive issues or matters.

5. The relief sought. If damages are sought, the party should provide the Court with evidence that supports the request;[1]

6. A full and complete explanation of any subrogation claims and how these claims impact the plaintiff's claims for damages;

7. Counsel's candid assessment of any impediments to settlement.

All extraneous information must be attached as an exhibit(s) to the mediation statement—even if the information is already filed on the docket. Thus, within their respective mediation statements, the parties should not cite to docket entries; instead, they should cite to their attached exhibits. Finally, if a party's mediation filings (i.e., mediation statement

---

[1] If claims or defenses are based on sums of money that may be objectively calculated—e.g., backpay, front-pay, premiums, interest payments, pension payments—the party asserting the claim or defense shall provide the Court with a written, updated computation before or during the mediation conference.

2

plus any attached exhibits) exceed fifty pages, the party shall also deliver two hard copies of the materials to the undersigned either via hand delivery or U.S. Mail.

It is further ORDERED that (1) the attorneys who will try the case shall appear at the conference with (a) the parties, or (b) a representative having full authority to negotiate and to settle the case on any terms; (2) if counsel for the parties have not held a good-faith, face-to-face settlement conference, they shall do so before the mediation conference; (3) counsel shall confer and attempt to agree on the form and content of mutual releases for execution should this case settle; and (4) counsel for the parties shall confer with their clients before the mediation conference to assess the value of both settling this case before trial and continuing litigation to trial.

Finally, the Court reminds the parties that this mediation is being conducted at their request and that preparing for mediation takes substantial judicial resources. The Court therefore expects the parties to mediate in good faith and with the goal of resolving this case.

Done this 26th day of October, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE