IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KA'TORIA GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-595-RAH |
| | ) | [WO] |
| KOCH FOODS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are many filings by the Defendants that at some point circle around the same issue: the evidentiary basis used by the Plaintiff at the summary judgment stage to rebut the Defendants' summary judgment motions and bolster the Plaintiff's own summary judgment motion. (*See, e.g.,* Docs. 266, 281, 282, 283 at 9–21.) In an effort to highlight how the Plaintiff has crowded the record with volumes of potentially inadmissible evidence, the Defendants have crowded the record with volumes of scattered and overlapping briefing on a drove of motions—a shotgun defense approach that Defendants' counsel has used (and been reprimanded for) before.[1]

---

[1] *See Marks v. U.S. Sec. Assocs., Inc.*, No. CV-08-BE-0459-S, 2010 WL 11474090, at *1 (N.D. Ala. May 20, 2010) ("The shotgun approach backfired. Perhaps had the motion sought partial summary judgment with a rifle precision approach, the issues in this case could have been narrowed more easily. Instead, had there been any meritorious position, it would have been lost in the squabbling over disputed factual issues and assertion of incredible positions.").

While many of the same or similar arguments are raised throughout Defendants' filings, for the purposes of this order, the Court hones in on the specific motions brought in *Defendants' Supplemental Joint Objections and Motion to Exclude Portions of Plaintiff's Evidentiary Submissions Filed in Opposition to Defendants' Motions for Summary Judgment* (the motion). (Doc. 282.)

In the motion, Defendants vehemently dispute the factual record relied upon by the Plaintiff in fighting Defendants' pending motions for summary judgment because, Defendants contend, Plaintiff's record is propped up by inadmissible hearsay and "sham affidavits." (Doc. 282.)

First, insofar as Defendants challenge facts as being derived from inadmissible hearsay, the Court does not substantively rely on any such information in entering this, or any other, pretrial order or dispositive motion order, inasmuch as the evidence is not reducible to an admissible form at trial. *See Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996) (plaintiff could not use inadmissible hearsay to defeat summary judgment when that hearsay will not be reducible to admissible form at trial). The Court reserves the right to rule on hearsay and other evidentiary issues at the appropriate time at trial. And second, for the reasons discussed below, each of the Defendants' invocations of the sham affidavit rule is denied.

The "sham affidavit rule" allows a court, in limited circumstances, to "disregard an affidavit as a matter of law when, without explanation, it flatly contradicts his or her own prior deposition testimony for the transparent purpose of creating a genuine issue of fact where none existed previously." *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1306 (11th Cir. 2016). Courts have guided that the rule should be applied "sparingly because of the harsh effect it may have on a party's case." *Allen v. Bd. of Pub. Educ. for Bibb Cty.,* 495 F.3d 1206, 1316 (11th Cir. 2007). That is, even when an opposing party's affidavit "differs or varies [from her] evidence as given by deposition . . . and the two in conjunction may disclose an issue of credibility" the differing affidavit should nevertheless "be considered." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986); *see also Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1162 (11th Cir. 2012) (stating, "[where] the apparent contradiction derives not from purposeful fabrication but instead from dialectical misunderstanding . . . any apparent contradiction becomes 'an issue of credibility or go[es] to the weight of the evidence.'").

Here, Defendants cry sham as to three witness declarations: the declaration of Ka'Toria Gray (Doc. 273-1), the declaration of Steven Jackson (Doc. 272-13), and the declaration of Irish Jenkins (Doc. 272-14).

As for Gray's declaration, the Defendants fail to demonstrate how the declaration "flatly contradicts" Gray's previous testimony. Most of the claimed

3

differences between the declaration and Gray's deposition testimony are not contradictions but are rather new statements that do not create meaningful issues of fact. (*See* Doc. 282 at 12–13.) Meanwhile, many of the differences that Defendants say are contradictions can be reduced to understandable variations in testimony, either as the result of aggressive questioning during the deposition,[2] a lapse in memory, or the lack of robotically precise language. (*See id.* at 9–10.)

Some of the arguments made by Defendants defy belief and require extreme stretches of the imagination for the Court to even identify a discrepancy. Still, the Defendants vigorously contend that there is a contradiction that calls for exclusion.

Take, for example, this allegedly irreconcilable contradiction: in her initial deposition, Gray testified, "[McDickinson] pulled my hand but I didn't dance." (Doc. 242-4 at 45.) Meanwhile in her subsequent declaration, Gray averred, "Ms. McDickinson grabbed my hand and pulled me out of the chair and asked me to dance with her. I refused." (Doc. 273-1.) Defendants argue, seemingly with a straight face, that the statement "[McDickinson] pulled my hand but I didn't dance" is belied by Gray's testimony that "McDickinson pulled me out of the chair." (Doc. 282 at 9.) It

---

[2] Indeed, Gray's given reason for filing the declaration was because, "the way defense counsel asked me questions [during the deposition] did not allow me to include everything that happened that night." (Doc 273-1 at 2.) After reviewing the full deposition and noting that Gray had to take a break because she was "visibly upset," the Court agrees that the questioning was conducted in a very technical and aggressive manner ill-befitting a clear fact narrative. (Doc. 242-4 at 46.)

is arguments like these that lead the Court to believe that Defendants' sham affidavit motion is itself, in large part, a sham.[3]

The differences between Gray's deposition and the subsequent declaration are not indicative of a sham but, if anything, go to credibility issues. However, the sham affidavit rule is not designed to exclude potentially questionable and incredible evidence but to prevent purposeful fabrication and evidence that flatly contradicts itself. Gray's subsequent declaration is not a picture-perfect match to the testimony provided at her seven-hour long deposition, but neither is it "inherently inconsistent." *Tippens*, 805 F.2d at 951. To exclude Gray's declaration would be to "deprive the trier of fact of the traditional opportunity to determine which point in time and with which words the witness was stating the truth." *Id.* at 953–54. The Court declines to rule for such a deprivation and denies Defendants' motion as to Gray's declaration.

As for Jackson's "sham affidavit," Defendants point out that Jackson's declaration upon which Plaintiff relies was given *before* the subsequent deposition testimony that Defendants rely upon to identify discrepancies. (Doc. 282 at 19.) The sham affidavit rule is meant to prevent parties from manufacturing a genuine issue

---

[3] Another example of this incredible argumentation is where Defendants claim inherent contradiction between prior testimony that McDickinson "pulled [Birchfield's] pants down and performed oral sex," versus the subsequent declaration stating, "Ms. McDickinson then removed Mr. Birchfield's penis from his pants and began to perform oral sex on him . . . ." (Docs. 242-4 at 46; 282 at 11.) Somehow, Defendants claim that if the Court does not recognize a contradiction here, the sham affidavit rule would be rendered "hollow." (*Id.*)

of material fact after-the-fact, not to exclude any earlier testimony that is later called into doubt by subsequent testimony. *See Nalls v. Corizon Health, Inc.*, No. 2:16-CV-391-WHA-SRW, 2017 WL 3446528, at *2 (M.D. Ala. Aug. 10, 2017) ("An affidavit may only be disregarded as a sham 'when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact ... [and that party attempts] thereafter [to] create such an issue with an affidavit that merely contradicts, *without explanation*, previously given clear testimony.'"). Defendants' motion as to Jackson's declaration is denied.

Finally, Defendants take umbrage with timeline inconsistencies created by Jenkins's declaration. (*See* Doc. 282 at 19.) The Court declines to address at this stage whether these inconsistencies amount to a sham but writes to note that none of the challenged record discrepancies as it relates to Jenkins's declaration have been substantively relied upon in ruling on the parties' respective summary judgment motions. Accordingly, Defendants' motion as to Jenkins's declaration is denied.

And further, to the extent the Defendants ask this Court to make pre-trial rulings regarding the admissibility of this evidence at trial, the Court declines to do so, as these issues are best reserved for resolution at trial. *Stewart v. Hooters of Am., Inc.,* No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) ("Motions In Limine are disfavored; admissibility questions should be ruled upon as they arise at trial . . . if evidence is not clearly inadmissible, evidentiary

6

rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." (citations omitted)).

Accordingly, it is hereby **ORDERED** as follows:

1. *Defendants' Supplemental Joint Objections and Motion to Exclude Portions of Plaintiff's Evidentiary Submissions Filed in Opposition to Defendants' Motions for Summary Judgment* (Doc. 282) is **DENIED** to the extent it seeks to exclude the *Declaration of Ka'Toria Gray in Opposition to the Defendants' Motion for Summary Judgment* (Doc. 273-1) and the *Declaration of Steven Jackson* (Doc. 272-13) from consideration as it concerns the dispositive motion filings. It is further DENIED as moot as it concerns the declaration of Irish Jenkins.

2. In all other respects, *Defendants' Supplemental Joint Objections and Motion to Exclude Portions of Plaintiff's Evidentiary Submissions Filed in Opposition to Defendants' Motions for Summary Judgment* (Doc. 282) is **DENIED** as premature to the extent the Defendants seek trial-related admissibility rulings.

DONE, on this the 14th day of January 2022.

                                              /s/ R. Austin Huffaker, Jr.
                                              R. AUSTIN HUFFAKER, JR.
                                              UNITED STATES DISTRICT JUDGE