IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KA'TORIA GRAY,<br><br>Plaintiff,<br><br>v.<br><br>KOCH FOODS, INC., *et al.*,<br><br>Defendants. | ) | CASE NO. 2:17-cv-595-RAH<br>[WO] |

**ORDER**

On March 22, 2022, Defendants David Birchfield and Melissa McDickinson filed a renewed motion for judgment as a matter of law. (Doc. 508.) The motion is ripe for consideration and is due to be DENIED.

## I. BACKGROUND

A two-week jury trial was held in this case. At the close of Gray's case-in-chief, and again at the close of the Defendants' case, Birchfield and McDickinson moved for judgment as a matter of law on all claims against them. (Docs. 484, 485, 498.) The Court denied these motions after the jury rendered its verdict. (Doc. 507.) Now, Birchfield and McDickinson renew their motions under Rule 50(b) as it concerns the assault and battery claims asserted against them. (Doc. 508.)

After hearing all the evidence presented at trial, the jury found Birchfield and McDickinson guilty of assault and battery, but not guilty of invasion of privacy and outrage. On the claim of assault and battery, Gray was awarded $10,000 in compensatory damages and $40,000 in punitive damages to be assessed equally between Birchfield and McDickinson. Birchfield and McDickinson are now challenging the verdict, largely re-arguing a select portion of the evidence at trial.

## II. LEGAL STANDARD

A district court's analysis of a Rule 50 motion is the same regardless of whether the analysis "is undertaken before or after submitting the case to the jury." *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007). Accordingly, "in ruling on a party's renewed motion under Rule 50(b) after the jury has rendered a verdict, a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence." *Id.* To evaluate whether there is sufficient evidence to support the verdict, the court must consider "all the evidence, together with any logical inferences, in the light most favorable to the non-moving party." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016).

## III. DISCUSSION

Birchfield and McDickinson argue for judgment as matter of law on several grounds, including: (1) insufficient evidence to support the assault and battery guilty

verdicts, (2) insufficient evidence to support the punitive damage awards, and (3) allegedly improper evidentiary rulings made by the Court.

**A. The Assault and Battery Claims**

Under Alabama law, an assault and battery requires a plaintiff to establish that (1) the defendant touched her, (2) the defendant intended to touch her, and (3) the touching was conducted in a harmful or offensive manner. *Ex parte Atmore Cmty. Hosp.*, 719 So. 2d 1190, 1194 (Ala. 1998). A plaintiff may establish "that the touching was conducted in a harmful or offensive manner" by showing that the touching was conducted with sexual overtones and was unwelcome. *Id*. "An actual injury to the body is not a necessary element of a civil assault and battery." *Surrency v. Harbison*, 489 So. 2d 1097, 1104 (Ala. 1986).

At trial, Gray testified for example that, while at McDickinson's home, McDickinson put her hand on Gray's knee while leaning in and telling Gray that she smelled good and was attracted to her; that Gray then removed McDickinson's hand; that McDickinson grabbed Gray's hand and pulled Gray up from a seated position to dance despite Gray's statement that she did not want to dance; that both Birchfield and McDickinson "sandwiched" (that is, pressed) Gray between their bodies; that McDickinson pushed her breasts against Gray; that McDickinson grabbed Gray's hand and attempted to put it on McDickinson's own breasts, forcing Gray to pull her hand back; and that Birchfield kissed Gray as she tried to remove herself from

between their bodies. This all occurred in the seconds before McDickinson propositioned Gray for group sex and then before McDickinson performed oral sex on Birchfield in front of Gray. At trial, Gray also testified that she was stunned, shocked, felt violated, uncomfortable, and powerless, and that Birchfield and McDickinson had violated her personal space. Clearly, the takeaway from the evidence was that the touching was intentional and conducted with sexual overtones and that it was, at a minimum, unwelcome, uninvited, and offensive.

Upon hearing the evidence, the jury found Birchfield and McDickinson guilty of assault and battery. Like the jury, this Court concludes there was sufficient evidence to support the verdict on this count against both individuals. *See Ex parte Atmore Cmty. Hosp.*, 719 So. 2d at 1194 (finding a cause of action for battery when touching was "intentional ... conducted with sexual overtones ... and [] unwelcome"); *Surrency v. Harbison*, 489 So. 2d 1097, 1104 (Ala. 1986) (reiterating that even to "push [] against one, in the endeavor to make way through a crowd," may be a battery if the pushing is done "rudely"); *Young v. AlaTrade Foods, LLC*, No. 2:18-CV-00455-KOB, 2019 WL 4245688, at *9 (N.D. Ala. Sept. 6, 2019) (finding a viable assault and battery claim where the defendant "touched" or "grazed"—but did not "grab—the plaintiffs buttocks and touched her back and arms); *Simmons v. Frank Norton, LLC*, No. 2:15-CV-00147-SGC, 2017 WL 3191094, at *8 (N.D. Ala. July 27, 2017) (finding that a defendant's touching of the

plaintiff's waist and "lower back right above her buttocks" constituted a touching with unwanted sexual overtones); *Geeslin v. Morrison Mgmt. Specialists, Inc.*, No. CV-06-B-0410-S, 2007 WL 9711634, at *4 (N.D. Ala. Aug. 13, 2007) (finding a viable assault and battery claim where the defendant intentionally grabbed the plaintiff's breasts and pulled up her panties); *Portera v. Winn Dixie of Montgomery, Inc.*, 996 F. Supp. 1418, 1437 (M.D. Ala. 1998) (finding "a question of fact as to whether the touching constituted an assault and/or battery" when the plaintiff was "shocked" that her supervisor touched her buttocks and put his hand in her blouse). Accordingly, the motion is due to be denied on this argument.

**B. <u>The Punitive Damage Award</u>**

Birchfield and McDickinson also challenge the jury's award of $40,000 in punitive damages for the assault and battery claims against Birchfield and McDickinson. Under Alabama law, punitive damages may be assessed against a defendant for assault and battery if the defendant acted wantonly or maliciously, or if there are "particularized circumstances of aggravation or insult." *Peete v. Blackwell*, 504 So. 2d 222, 223 (Ala. 1986).

Given that Gray repeatedly refused Birchfield and McDickinson's advances—both physically and verbally—and given Gray's testimony concerning the overall events of that evening, the Court finds that there was sufficient evidence for the jury to conclude that Birchfield and McDickinson's assault and battery was,

at a minimum, wanton and involved particularized circumstances of aggravation and insult to justify an award of punitive damages. The Court will not usurp the role of the jury by reversing the punitive damage award in light of the evidence presented at trial.

**C. <u>Evidentiary Rulings and Spoliation</u>**

The remainder of Birchfield and McDickinson's motion attacks certain evidentiary rulings made by the Court during trial. Merits aside, some of these arguments were not advanced in the Defendants' Rule 50(a) motions (*see* Docs. 484, 485) during the trial and therefore cannot be freshly raised in their rule 50(b) renewed motions. *See St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1210 n.35 (11th Cir. 2009) ("[The Eleventh Circuit] repeatedly has made clear that any renewal of a motion for judgment as a matter of law under Rule 50(b) must be based upon the same grounds as the original request for judgment as a matter of law under Rule 50(a) at the close of the evidence and prior to the case being submitted to the jury.").

Regardless, even if all the arguments were to be considered, the Court stands on each of its evidentiary rulings as proper and well-within the Court's discretion. The Courts takes special note that it undertook great effort and consideration of the numerous motions and evidentiary issues raised by the parties during the trial and that, on many occasions, it repeatedly excluded evidence that Birchfield and

McDickinson claimed was inadmissible and/or overly prejudicial, including photographs of them with other Ala-Koch employees in an unclothed state, evidence of sex acts by these Defendants with other Ala-Koch employees including Rebecca Milam and Brooke Smith, and evidence of alleged sexual propositions and liaisons by Birchfield and McDickinson with young boys who were allegedly solicited from a local Wal-Mart. For the evidence that was allowed, it was almost always with a limiting instruction to the jury.

And as to the alleged romantic and/or sexual relationship between Birchfield and McDickinson, which they continue to claim was irrelevant (and nonexistent during their employment at Ala-Koch) and overly prejudicial, the trial record is replete with evidence and arguments as to why evidence of the nature of their relationship was relevant and material in the case. Indeed, one of Gray's primary themes was the efforts Birchfield and McDickinson undertook to include other Ala-Koch employees, such as Gray, into their sexual escapades, to keep their relationship a secret and off the radar of higher management at Ala-Koch, and to obtain leverage over other employees at Ala-Koch. In fact, even these Defendants' legal counsel thought it was of such relevance and materiality that she brought up the nature and existence of their relationship during her opening statement to the jury, and in doing so, she opened the proverbial door to that evidence at trial. *See, e.g.*, *Morro v. City of Birmingham*, 117 F.3d 508, 517 (11th Cir. 1997) (holding that the defendant

opened the door to a report that recommended an employee be reinstated because the charges against him were not supported when the defendant argued in its opening statement that the personnel board made its reinstatement decision because it "felt sorry for the plaintiff").

Finally, as to the spoliation issue, the Court chooses not to dwell on the issue in any additional detail as the trial record and this Court's March 17, 2022, order sufficiently detail the reasons why a limited spoliation charge was given. The spoliation issue is one that has existed in this case for years, was again raised by Gray in her pre-trial brief, was discussed on numerous occasions with counsel during trial, and was the subject of questioning by all counsel during the trial. Furthermore, the parties were permitted on multiple occasions to provide argument and exhibits in support of and against the issue. And, during the trial, Birchfield and McDickinson provided significant testimony on the issue, and in particular, why they did not preserve their smart devices, or the data contained on them, despite having received litigation hold letters and being actively engaged in litigation.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, during the trial in this matter, and in previous orders issued by this Court, it is ORDERED that the *Renewed Motion for Judgment As A Matter of Law Pursuant to Rule 50(b) by David Birchfield and Melissa McDickinson* (Doc. 508) is DENIED.

DONE, on this the 28th day of July 2022.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE